1   Bingham McCutchen LLP
    JOHN D. PERNICK (SBN 155468)
2   john.pernick@bingham.com
    NIMA E. SOHI (SBN 233199)
3   nima.sohi@bingham.com
    Three Embarcadero Center
4   San Francisco, CA 94111-4067
    Telephone: (415) 393-2000
5   Facsimile: (415) 393-2286

6   Attorneys for Defendants
    JPMorgan Chase & Co., and JPMorgan
7   Compensation and Benefit Strategies

8                   UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                  SAN FRANCISCO DIVISION

11

12  SHARTSIS FRIESE LLP,                    CV 08 1064

13              Plaintiff,                  NOTICE OF REMOVAL OF CIVIL
        v.                                  ACTION PURSUANT TO 28 U.S.C.
14                                          SECTIONS 1332 AND 1441

    JP MORGAN CHASE & CO., JP MORGAN
15  COMPENSATION AND BENEFIT               Complaint filed: January 24, 2008
    STRATEGIES as Successor in Interest of CCA
16  STRATEGIES LLC and CHICAGO
    CONSULTING ACTUARIES, LLC and DOES
17  1-10,

18              Defendants.

19

20              TO THE CLERK OF THE ABOVE-ENTITLED COURT:

21              PLEASE TAKE NOTICE that Defendants JPMorgan Chase & Co. and JPMorgan

22  Compensation and Benefit Strategies (collectively "JPMorgan" or "Defendants"), by and

23  through their counsel, file this Notice of Removal to remove the state court action described

24  below to the United States District Court, Northern District of California, San Francisco

25  Division, under 28 U.S.C. section 1441, based on diversity jurisdiction under 28 U.S.C. section

26  1332(a)(1). In support of the removal of the action, JPMorgan states as follows:

27

28

1 **JURISDICTION AND ASSIGNMENT TO DIVISION**

2       1.       This is a civil action over which this Court has original jurisdiction under

3 28 U.S.C. section 1332(a)(1). It is a civil action in which there is diversity between the plaintiff

4 and all defendants and the amount in controversy exceeds $75,000, exclusive of interest and

5 costs. *Id.* This action is removable because it could have been commenced in federal court

6 based on diversity of citizenship and can be removed from state court on this ground. *See* 28

7 U.S.C. § 1441(b).

8       2.       Assignment to the San Francisco Division is proper because the civil

9 action is being removed from the California Superior Court, County of San Francisco.

10 **STATE COURT ACTION**

11       3.       On January 24, 2008, Plaintiff Shartsis Friese LLP filed this action in the

12 Superior Court of the State of California, County of San Francisco, Case No. CGC 08-471329.

13       4.       On January 25, 2008, Plaintiff served the Summons and Complaint on

14 JPMorgan's agent for service of process. True and correct copies of the Summons, Complaint,

15 and proof of service thereof are attached to this Notice as Exhibit A. A true and correct copy of

16 the Notice of Hearing in this action is attached to this Notice as Exhibit B.

17 **CITIZENSHIP**

18       5.       JPMorgan is informed and believes that Plaintiff Shartsis Friese LLP was

19 at the time of the filing of this action, and still is, a California Limited Liability Partnership and

20 citizen of the State of California. Complaint ¶ 1 ("Shartsis Friese LLP . . . is a limited liability

21 partnership headquartered in San Francisco, California . . . .").

22       6.       Defendant JPMorgan Chase & Co. was at the time of the filing of this

23 action, and still is, a corporation organized under the laws of the State of Delaware, having its

24 principal place of business in the State of New York. *See* Declaration of Thomas S. Terry in

25 Support of Notice of Removal, attached hereto as Exhibit C.

26       7.       Defendant JPMorgan Compensation and Benefit Strategies is a d/b/a of

27 JPMorgan Retirement Plan Services LLC ("JPMorgan RPS"). JPMorgan Compensation and

28 Benefit Strategies is not a legal entity. JPMorgan RPS was at the time of the filing of this action,

2

1    and still is, a Limited Liability Company organized under the laws of the State of Delaware,

2    having its principal place of business in the State of Missouri.

3         8.     JPMorgan RPS's sole member is JPMorgan Invest Holdings, LLC, a

4    Limited Liability Company organized under the laws of the State of Delaware, having its

5    principal place of business in the State of Massachusetts. *See* Declaration of Thomas S. Terry,

6    Exhibit C.

7         9.     JPMorgan Invest Holdings, LLC's sole member is Defendant JPMorgan

8    Chase & Co. *See* Declaration of Thomas S. Terry, Exhibit C.

9         10.     Does 1 through 20, as alleged in Plaintiff's Complaint ¶ 4, are defendants

10   sued under fictitious names and their citizenship shall be disregarded for purposes of removal

11   pursuant to 28 U.S.C. section 1441(a).

12   **AMOUNT IN CONTROVERSY**

13        11.     The amount in controversy exceeds $75,000, exclusive of interest and

14   costs. Plaintiff seeks money damages "not less than $25,000." Complaint, Prayer for Relief. In

15   addition, Plaintiff alleges that "[Shartsis Friese] and its partners have incurred, and will continue

16   to incur, significant expenses and potential losses of well over one million dollars as a result of

17   CCA's misrepresentations and erroneous advice." Complaint ¶ 14.

18        12.     Plaintiff's allegations as to Defendants' conduct, as alleged successors in

19   interest to CCA, spans conduct for each of Plaintiff's 2000 through 2005 Plan years. "The

20   contributions and allocations Mahannah represented were consistent with the Plan and advised

21   [Shartsis Friese] and its partners to make under the Plan for each of its 2000 through 2005 Plan

22   years were not in accordance with applicable law because they were not in accordance with the

23   Plan's allocation formula." Complaint ¶ 10. Also, Plaintiff alleges that "[l]oss of the Plan's tax

24   favored status has significant financial implications for [Shartsis Friese] and all of the Plan

25   participants, and may result in a substantial loss of retirement benefits for partners and other

26   participants in the Plan." Complaint ¶ 11.

27        13.     Further, Plaintiff alleges as to each of its first four causes of action that

28   "[Shartsis Friese] and its partners have suffered damages in an amount to be proven at trial

3

A/72426330.2/0803142-0000331170

1    substantially in excess of $25,000." Complaint ¶¶ 20, 24, 28, 32. The Complaint also requests

2    attorneys' fees, which may be included in the amount in controversy for jurisdictional purposes.

3    Complaint, Prayer for Relief; *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1168 (6th

4    Cir. 1975). Accordingly, it is facially apparent by these allegations that the amount in

5    controversy exceeds $75,000, the minimum amount required by 28 U.S.C. section 1332(a).

6                    **COMPLIANCE WITH 28 U.S.C. SECTION 1446**

7              14.     Pursuant to 28 U.S.C. section 1446(a), copies of all documents received

8    by JPMorgan counsel in the state court action are being filed with this Notice of Removal.

9              15.     Pursuant to 28 U.S.C. section 1446(b), this Notice of Removal is filed

10   within 30 days of the service on JPMorgan of the pleadings setting forth the claim for relief upon

11   which the state court action is based.

12             16.     Pursuant to 28 U.S.C. section 1446(d), JPMorgan will promptly provide

13   written notice of the removal of the state court action to Plaintiff, through their attorneys of

14   record, and to the Superior Court of the State of California, County of San Francisco.

15             WHEREFORE, JPMorgan respectfully requests that this case be removed from

16   the Superior Court of the State of California, County of San Francisco to the United States

17   District Court, Northern District of California, San Francisco Division, for final determination.

18

19   DATED: February 22, 2008

                                Bingham McCutchen LLP
20

21

22                              By:

23                                        John D. Pernick
                                      Attorneys for Defendants
24                                JPMorgan Chase & Co., and JPMorgan
                                  Compensation and Benefit Strategies
25

26

27

28
                                              4
                    NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO
                            28 U.S.C. SECTIONS 1332 AND 1441

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
01/28/2008
CT Log Number 513022519

**TO:** Carl Del Vecchio
JPMorgan Chase Bank, N.A.
1 Chase Manhattan Plaza - 20th Floor, Legal Department
New York, NY 10081-

### RE: **Process Served in California**

**FOR:** JPMorgan Chase & Co. (Cross Ref Name) (Domestic State: N/A)
JPMorgan Chase Bank, N.A. (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Shartsis Friese LLP, Pltf. vs. JP Morgan Chase & Co., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Notice to Plaintiff, Attachment(s), Case Management Statement Form, Stipulation Form |
| **COURT/AGENCY:** | Superior Court, County of San Francisco, CA<br>Case # CGC08471329 |
| **NATURE OF ACTION:** | Breach of Contract - Advising SF and its partners to make contributions and allocations under plan that were not in accordance with the Plan's allocation formula and were therefore not in accordance with applicable law - Seeking Declaratory Relief that defendants are legally responsible for damages to SF and its partners arising out of CCA's Breach of oral contract, negligence, negligent misrepresentations and/or breach of fiduciary duties |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/25/2008 at 13:50 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service - file written response // June 27, 2008 at 9:00 a.m. - Case Management Conference |
| **ATTORNEY(S) / SENDER(S):** | Lisa A. Jacobs<br>Shartsis Friese LLP<br>One Maritime Plaza, 18th Floor<br>San Francisco, CA 94111<br>415-421-6500 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/28/2008, Expected Purge Date: 02/02/2008<br>Image SOP - Page(s): 29<br>Email Notification, Legal Papers Served legal.papers.served@jpmchase.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
JP MORGAN CHASE & CO., JP MORGAN COMPENSATION AND
BENEFIT STRATEGIES as Successor in Interest of CCA
STRATEGIES LLC and CHICAGO CONSULTING ACTUARIES, LLC
and DOES 1-10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SHARTSIS FRIESE LLP

|  |
| --- |
| FOR COURT USE ONLY |
| *(SOLO PARA USO DE LA CORTE)* |

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of the State of California
400 McAllister
San Francisco, CA  94102

**CASE NUMBER**
*(Número del Caso):*
CGC08-471329

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Lisa A. Jacobs (Bar #230364)          415-421-6500     415-421-2922
Shartsis Friese LLP
One Maritime Plaza, 18th Floor
San Francisco, CA  94111

DATE:                                                     Clerk, by _____, Deputy
*(Fecha)* JAN 14 2008     GORDON PARK-LI     POSTHUME BAUTISTA *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* JP MORGAN CHASE & CO.

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

SHARTSIS FRIESE LLP
ARTHUR J. SHARTSIS (Bar #51549)
MARY JO SHARTSIS (Bar #55194)
LISA A. JACOBS (Bar #230364)
One Maritime Plaza, Eighteenth Floor
San Francisco, CA 94111
Telephone: (415) 421-6500
Facsimile: (415) 421-2922
Email:  ashartsis@sflaw.com
        mjshartsis@sflaw.com
        ljacobs@sflaw.com

Attorneys for Plaintiff
SHARTSIS FRIESE LLP

ENDORSED
F I L E D
San Francisco County Superior Court

JAN 2 4 2008

GORDON PARK-LI, Clerk
BY:  CRISTINA BAUTISTA

CASE MANAGEMENT CONFERENCE SET
JUN 2 7 2008 - 9:00 AM
DEPARTMENT 212

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| | |
|---|---|
| SHARTSIS FRIESE LLP, | Case No. CGC 08-471329 |
| Plaintiff, | **VERIFIED COMPLAINT FOR BREACH OF CONTRACT, PROFESSIONAL NEGLIGENCE, NEGLIGENT MISREPRESENTATION, BREACH OF FIDUCIARY DUTIES AND DECLARATORY RELIEF** |
| v. | |
| JP MORGAN CHASE & CO., JP MORGAN COMPENSATION AND BENEFIT STRATEGIES as Successor in Interest of CCA STRATEGIES LLC and CHICAGO CONSULTING ACTUARIES, LLC and DOES 1-10, | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff Shartsis Friese LLP alleges as follows:

**PARTIES**

1.      Shartsis Friese LLP (hereafter "SF" or "Plaintiff") is a limited liability partnership headquartered in San Francisco, California, constituted for the practice of law, and formerly known as Shartsis, Friese & Ginsburg LLP. SF brings this action on its own behalf and on behalf of its partners or former partners for whose benefit CCA performed the services described below.

2.      Plaintiff is informed and believes and based thereon alleges that Defendants JP Morgan Chase & Co. ("JP Morgan") and/or a division or subsidiary known as JP Morgan

1  Compensation and Benefit Strategies ("JP Morgan CBS"), is or are the successors in interest of

2  CCA Strategies LLC, formerly known as Chicago Consulting Actuaries LLC and collectively

3  referred to as "CCA". At all times relevant hereto, CCA was in the business of providing

4  consulting, administrative and actuarial services, including computations, allocations and related

5  consulting services and advice in connection with, among other things, retirement plans such as

6  profit sharing and 401(k) plans. At all times relevant hereto, CCA maintained an office in the San

7  Francisco Bay Area and performed services in the City and County of San Francisco, California.

8      3.      SF is informed and believes that in or about November 2006, or at some earlier

9  time, CCA was acquired by defendant JP Morgan and that JP Morgan CBS is either a division of

10  JP Morgan or a wholly-owned direct or indirect subsidiary of JP Morgan.  JP Morgan and

11  JP Morgan CBS are named as defendants in this action as the successor in interest of CCA.

12      4.      SF does not know the true names and capacities of the fictitiously named

13  defendants sued herein as Does 1 through 20, and on that basis sues them by their fictitious

14  names. When SF ascertains the true names and capacities of the Doe defendants, SF will amend

15  this Complaint accordingly. SF is informed and believes and on that basis alleges that each of the

16  fictitiously named defendants is in some way liable to SF.

17                                    **FACTS**

18      5.      The professional services provided by CCA to SF that are the subject of this action

19  were undertaken pursuant to an oral agreement or understanding entered into in San Francisco,

20  California and were to be performed by CCA in whole or in part in San Francisco, California.

21      6.      From on or about February 13, 2001 through October 2006, SF retained CCA to

22  provide computations, allocations and related consulting services in connection with the Shartsis,

23  Friese & Ginsburg LLP Profit Sharing/401(k) Plan (the "Plan"), originally adopted in 1989,

24  restated effective July 1, 1999. CCA also provided professional services to SF in designing,

25  establishing and administering a cash-balance pension plan, which was effective January 1, 2002.

26  CCA was retained by SF to advise it regarding the optimum way in which it could maximize the

27  partners' contributions to the Plan and to the cash balance pension plan at the least possible

28  expense to SF.

SHARTSIS PRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

- 2 -

1    7.    In offering its services to SF, CCA represented that it had the professional

2    expertise to perform these services in a competent and professional manner. SF relied on CCA's

3    expertise and followed its advice in connection with its and its partners contributions to the Plan

4    for the benefit of the Plan participants.

5    8.    Tim Mahannah ("Mahannah") was the representative of CCA who advised SF

6    concerning the Plan. SF provided Mahannah/CCA with a copy of the Plan as restated in 1999.

7    CCA agreed to review the Plan to determine whether it maximized the contributions of the

8    partners and minimized other expenses consistent with and in compliance with applicable law and

9    agreed to advise SF on the amount of partner contributions to be made by each partner consistent

10   with maximizing such partner contributions under the Plan. CCA, through Mahannah, provided

11   computations, valuations and compliance testing and advice regarding the amount of annual

12   contributions and allocations to be made under the Plan by SF and its partners for the 2000, 2001,

13   2002, 2003, 2004 and 2005 Plan years, which were relied on by SF and its partners. SF and its

14   partners made contributions from 2000 through 2005 in reliance on the specific amounts

15   Mahannah advised and represented were proper under the Plan and consistent with SF's goals.

16   9.    SF specifically retained CCA and relied on its expertise to review the Plan and

17   determine and perform the allocations, computations and related functions required by the Plan

18   because SF did not have the expertise to determine and perform these allocations, computations

19   and other functions itself. SF relied entirely on CCA to provide it with the proper maximum

20   partner contributions and allocations and related appropriate non-partner contributions and

21   allocations, consistent with minimizing the overall cost to SF. SF retained CCA for this purpose,

22   and paid all of CCA's bills for services in providing the advice, allocations, computations and

23   other functions required to assure SF's compliance with the Plan and applicable law. CCA knew

24   that SF and its partners were relying on its advice concerning their contributions to the Plan each

25   year. CCA never indicated that it was giving its advice on allocations and making computations

26   based on a Plan different from the Plan in effect at the time CCA was retained and for the

27   succeeding five years.

28   10.    In accordance with its obligation to provide the advice necessary to enable the

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

1   partners to make maximum partner contributions to the Plan while minimizing SF's expenses,
2   CCA recommended and approved specific partner and non-partner contributions for Plan years
3   2000 through 2005. The contributions and allocations Mahannah represented were consistent
4   with the Plan and advised SF and its partners to make under the Plan for each of its 2000 through
5   2005 Plan years were not in accordance with applicable law because they were not in accordance
6   with the Plan's allocation formula.

7   11.   As a direct result of CCA's and Mahannah's errors, the Plan has failed to operate
8   in accordance with its written terms, and, in addition, SF and its partners did not receive the
9   benefits of the advice it and they sought from CCA. As a consequence, the Plan has lost or will
10  lose its tax favored status unless corrective action acceptable to the IRS is taken. Loss of the
11  Plan's tax favored status has significant financial implications for SF and all of the Plan
12  participants, and may result in a substantial loss of retirement benefits for partners and other
13  participants in the Plan.

14  12.   After the acquisition of CCA by JP Morgan in or about November 2006, SF
15  retained a new consultant and actuary to provide advice concerning contributions and allocations
16  under the Plan. SF was thereafter informed for the first time by the successor consultant and
17  actuary of the errors that CCA had made in the prior years. Upon discovery of the errors, SF
18  made a prompt investigation, and retained outside counsel and consultants at significant expense
19  to advise SF regarding corrective action. SF representatives met with Mahannah and he
20  acknowledged his failure to read the Plan documents before making the allocations and
21  recommending the amount of contributions to be made.

22  13.   Following discovery of Mahannah's errors, SF demanded in writing that CCA
23  cooperate in addressing the problems that were created by those errors. JP Morgan and
24  JP Morgan CBS as the successor of CCA have denied any responsibility for the contributions and
25  allocations CCA advised and represented were consistent with the Plan for Plan Years 2000
26  through 2005 or any damages or losses resulting therefrom.

27  14.   SF and its partners have incurred, and will continue to incur, significant expenses
28  and potential losses of well over one million dollars as a result of CCA's misrepresentations and

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

- 4 -

1    erroneous advice.

2                              **FIRST CAUSE OF ACTION**

3                   **(Breach of Oral Contract Against All Defendants)**

4           15.    SF incorporates by this reference each and every allegation of paragraphs 1

5    through 14 above.

6           16.    By their oral promises and representations made to each other, CCA and SF for its

7    and its partners' benefit entered into an oral contract on or about February 13, 2001.

8           17.    Under the oral contract, CCA was obligated to provide computations, allocations

9    and related consulting services in connection with the Plan. Among other things, CCA agreed to

10   review the Plan to determine whether it maximized the contributions of the partners and

11   minimized other expenses consistent with and in compliance with applicable law, and agreed to

12   advise SF on the amount of the various partner contributions to be made consistent with

13   maximizing such contributions under the Plan.

14          18.    SF has performed all of its obligations under the oral contract, except those as to

15   which performance has been prevented or excused by acts and/or omissions of CCA. Among

16   other things, SF has paid CCA substantial fees for its professional services in providing advice

17   and allocations and doing the computations to ensure SF's compliance with the Plan and

18   applicable law.

19          19.    CCA breached the oral agreement by, among other things, advising SF and its

20   partners to make contributions and allocations under the Plan that were not in accordance with the

21   Plan's allocation formula and were therefore not in accordance with applicable law.

22          20.    As a direct and proximate result of CCA's breach of the oral agreement, SF and its

23   partners have suffered damages in an amount to be proven at trial substantially in excess of

24   $25,000.

25

26

27

28

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

## SECOND CAUSE OF ACTION

### (Negligence Against All Defendants)

21.    SF incorporates by this reference each and every allegation of paragraphs 1 through 20 above.

22.    As a professional consultant and actuary hired by SF to perform actuarial services, CCA owed a duty to SF and its partners to exercise reasonable care in the performance of its actuarial services.

23.    CCA failed to meet the applicable standard of care in performing actuarial services for SF by, among other things, failing to read the Plan documents and by advising SF and its partners to make contributions and allocations under the Plan that were not in accordance with the Plan's allocation formula and were therefore not in accordance with applicable law.

24.    As a direct and proximate result of CCA's failure to exercise reasonable care in the performance of its obligations to SF, SF has suffered damages in an amount to be proven at trial substantially in excess of $25,000.

## THIRD CAUSE OF ACTION

### (Negligent Misrepresentation Against All Defendants)

25.    SF incorporates by this reference each and every allegation of paragraphs 1 through 24 above.

26.    Mahannah acting on behalf of CCA made the misrepresentations alleged in Paragraphs 7, 8 and 10 above to SF's Chief Operating Officer, Paul Feasby, and other SF representatives concerning the amount of contributions to be made by Plan participants with the intention of inducing SF and its partners to act in reliance on the misrepresentations in the manner herein alleged, or with the expectation that SF would so act. SF and its partners were unaware of the falsity of CCA's representations and reasonably relied on CCA's representations by, among other things, retaining CCA to provide consultant and actuarial services and by making the contributions in the amounts it represented would be in accordance with the Plan and applicable law.

27.    CCA's representations through Mahannah were not true and Mahannah made the

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

1  representations without any reasonable basis to believe they were true.

2      28.    As a direct and proximate result of CCA's negligent misrepresentations as herein

3  alleged, SF and its partners have been damaged in an amount to be proven at trial substantially in

4  excess of $25,000.

5                              FOURTH CAUSE OF ACTION

6                  (Breach of Fiduciary Duties Against All Defendants)

7      29.    SF incorporates by this reference each and every allegation of paragraphs 1

8  through 28 above.

9      30.    As a professional consultant and actuary hired by SF to perform consulting and

10  actuarial services, CCA owed fiduciary duties to SF and its partners.

11      31.    By engaging in the wrongful conduct described herein, including among other

12  things, failing to read the Plan documents and advising SF and its partners to make contributions

13  and allocations under the Plan that were not in accordance with the Plan's allocation formula and

14  were therefore not in accordance with applicable law, CCA breached its fiduciary duties to SF.

15      32.    As a direct and proximate result of CCA's breach of fiduciary duties as herein

16  alleged, SF has been damaged in an amount to be proven at trial substantially in excess of

17  $25,000.

18                              FIFTH CAUSE OF ACTION

19                  (Declaratory Relief Against All Defendants)

20      33.    SF incorporates by this reference each and every allegation of paragraphs 1

21  through 32 above.

22      34.    An actual controversy has arisen and now exists between SF and Defendants

23  concerning their respective rights and duties arising out of and relating to consulting and actuarial

24  services provided to SF and its partners by CCA in that SF and its partners have incurred, or will

25  continue to incur, significant expenses and damages caused by CCA's failure to read the Plan and

26  provide advice on the proper contributions to be made to the Plan for which Defendants have

27  denied any responsibility.

28      35.    SF desires a judicial determination of its rights and a declaration that Defendants

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

1    are responsible for all damages arising out of, among other things, CCA's advice to SF and its

2    partners resulting in contributions and allocations being made under the Plan that were not in

3    accordance with the Plan's allocation formula and were therefore not in accordance with

4    applicable law.

**PRAYER**

6        WHEREFORE, SF prays for judgment as follows:

7        1.      For a declaration that Defendants are legally responsible for damages to SF and its

8    partners arising out of CCA's breach of oral contract, negligence, negligent misrepresentations

9    and/or breach of fiduciary duties;

10       2.      For money damages for all economic harm suffered by SF in an amount not less

11   than $25,000 and according to proof;

12       3.      For prejudgment interest;

13       4.      For costs of suit, including attorneys' fees to the extent allowed by law; and

14       5.      For such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

16       Plaintiff demands a trial by jury on all issues triable by a jury.

17   DATED: January 23, 2008                    SHARTSIS FRIESE LLP

19                                       By: _____
                                             MARY JO SHARTSIS
20                                           Attorneys for Plaintiff
                                             SHARTSIS FRIESE LLP

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

1

## VERIFICATION

2

I, PAUL B. FEASBY, declare:

3

1.    I am the Chief Operating Officer at Shartsis Friese LLP, the Plaintiff in the above-

4

entitled matter. I am authorized to make this verification on behalf of Plaintiff.

5

2.    I have read the foregoing Verified Complaint for Breach of Oral Contract,

6

Professional Negligence, Negligent Misrepresentation, Breach of Fiduciary Duties and

7

Declaratory Relief and know the contents thereof. The matters stated in it are true of my own

8

knowledge, except for those matters which are stated on information and belief, and as to those

9

matters, I believe them to be true.

10

3    I declare, under penalty of perjury, under the laws of the State of California, that

11

the foregoing is true and correct.

12

Executed on January 23, 2008 at San Francisco, California.

13

14

PAUL B. FEASBY

15

ATTY\AJS\ASHARTSIS\1440218.5

16

17

18

19

20

21

22

23

24

25

26

27

28

- 9 -
COMPLAINT

CASE NUMBER: CGC-08-4 829 SHARTSIS FRIESE LLP VS. J MORGAN CHASE & CO., et

## NOTICE TO PLAINTIFF

A Case Management Conference is set for

|        |                                                        |
| ------ | ------------------------------------------------------ |
| DATE:  | JUN-27-2008                                            |
| TIME:  | 9:00AM                                                 |
| PLACE: | Department 212<br>400 McAllister Street<br>San Francisco, CA 94102-3680 |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL.** (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

**See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges**



# Superior Court of California
## County of San Francisco

**HON. DAVID BALLATI**
**PRESIDING JUDGE**

## Judicial Mediation Program

**JENIFFER B. ALCANTARA**
**ADR PROGRAM ADMINISTRATOR**

The Judicial Mediation program offers mediation of complex civil litigation by a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

The Honorable David J. Ballati
The Honorable Anne Bouliane
The Honorable Ellen Chaitin
The Honorable Robert L. Dondero
The Honorable Ernest H. Goldsmith
The Honorable Harold E. Kahn
The Honorable Patrick J. Mahoney
The Honorable Tomar Mason

The Honorable James J. McBride
The Honorable Kevin M. McCarthy
The Honorable John E. Munter
The Honorable Ronald Quidachay
The Honorable A. James Robertson, II
The Honorable John K. Stewart
The Honorable Mary E. Wiss

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program and deliver a courtesy copy to Dept. 212. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Program Administrator will facilitate assignment of cases that qualify for the program.

Note: Space is limited. Submission of a stipulation to judicial mediation does not guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3876

10/07 (ja)

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:            FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT**<br>(Check one):  ☐ **UNLIMITED CASE**  ☐ **LIMITED CASE**<br>(Amount demanded          (Amount demanded is $25,000<br>exceeds $25,000)          or less) | CASE NUMBER: |
|---|---|

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:                Time:            Dept.:          Div.:            Room:

Address of court *(if different from the address above)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☐  This statement is submitted by party *(name)*:
   b. ☐  This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a.   The complaint was filed on *(date)*:
   b. ☐  The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐  All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐  The following parties named in the complaint or cross-complaint
      (1) ☐  have not been served *(specify names and explain why not)*:

      (2) ☐  have been served but have not appeared and have not been dismissed *(specify names)*:

      (3) ☐  have had a default entered against them *(specify names)*:

   c. ☐  The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4. **Description of case**
   a.  Type of case in  ☐ complaint  ☐ cross-complaint    *(describe, including causes of action)*:

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courtinfo.ca.gov

American LegalNet, Inc.<br>www.FormsWorkflow.com

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
    The party or parties request  ☐  a jury trial  ☐  a nonjury trial   *(if more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
    a.  ☐  The trial has been set for *(date):*
    b.  ☐  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

    c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
    The party or parties estimate that the trial will take *(check one):*
    a.  ☐  days *(specify number):*
    b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
    The party or parties will be represented at trial  ☐  by the attorney or party listed in the caption  ☐  by the following:
    a.  Attorney:
    b.  Firm:
    c.  Address:
    d.  Telephone number:
    e.  Fax number:
    f.  E-mail address:
    g.  Party represented:
    ☐  Additional representation is described in Attachment 8.

9.  **Preference**
    ☐  This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
    a.  Counsel  ☐  has  ☐  has not   provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
    b.  ☐  All parties have agreed to a form of ADR. ADR will be completed by *(date):*
    c.  ☐  The case has gone to an ADR process *(indicate status):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d.   The party or parties are willing to participate in *(check all that apply)*:
    (1) ☐ Mediation
    (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
    (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
    (4) ☐ Binding judicial arbitration
    (5) ☐ Binding private arbitration
    (6) ☐ Neutral case evaluation
    (7) ☐ Other *(specify)*:

    e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
    f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
    g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption)*:

11. **Settlement conference**
    ☐ The party or parties are willing to participate in an early settlement conference *(specify when)*:

12. **Insurance**
    a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:
    b. Reservation of rights: ☐ Yes ☐ No
    c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

13. **Jurisdiction**
    Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
    ☐ Bankruptcy ☐ Other *(specify)*:
    Status:

14. **Related cases, consolidation, and coordination**
    a. ☐ There are companion, underlying, or related cases.
       (1) Name of case:
       (2) Name of court:
       (3) Case number:
       (4) Status:
       ☐ Additional cases are described in Attachment 14a.
    b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

15. **Bifurcation**
    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

16. **Other motions**
    ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

**CASE MANAGEMENT STATEMENT**

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Discovery**
    a. ☐ The party or parties have completed all discovery.
    b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| | | |

    c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic Litigation**
    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.
    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other issues**
    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**
    a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Case management orders**
    Previous case management orders in this case are *(check one)*:   ☐ none   ☐ attached as Attachment 21.

**22. Total number of pages attached *(if any)*:** _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

▶ _____
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |

▶ _____
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |
| | ☐ Additional signatures are attached |

**CASE MANAGEMENT STATEMENT**

# Alternative Dispute Resolution (ADR)
# Program Information Package

# Alternatives to Trial

## There are other ways to resolve a civil dispute.

The plaintiff must serve a copy of the ADR information package
on each defendant along with the complaint. (CRC 201.9(c))

.Superior Court of California
County of San Francisco

# Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolutions (ADR). The most common forms of ADR are mediation, arbitration and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through dispute resolution programs and private neutrals.

# Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- *ADR can save time.* A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- *ADR can save money.* Court costs, attorneys fees, and expert fees can be saved.

- *ADR can be cooperative.* This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- *ADR can reduce stress.* There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

- *ADR encourages participation.* The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- *ADR is flexible.* The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- *ADR can be more satisfying.* For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' position harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

# Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR·process.

# ALTERNATIVE DISPUTE RESOLUTION PROGRAMS
## Of the San Francisco Superior Court

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to a mandatory settlement conference or trial." (Superior Court Local Rule 4)

This guide is designed to assist attorneys, their clients and self-represented litigants in complying with San Francisco Superior Court's alternative dispute resolution ("ADR") policy. Attorneys are encouraged to share this guide with clients. By making informed choices about dispute resolution alternatives, attorneys, their clients and self-represented litigants may achieve a more satisfying resolution of civil disputes.

The San Francisco Superior Court currently offers three ADR programs for general civil matters; each program is described below:

1) Judicial Arbitration
2) Mediation
3) The Early Settlement Program (ESP) in conjunction with the San Francisco Bar Association.

## JUDICIAL ARBITRATION

### Description

In arbitration, a neutral "arbitrator" presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case. When the Court orders a case to arbitration it is called judicial arbitration. The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.

Although not currently a part of the Court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties

voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

### Operation

Pursuant to CCP 1141.11 and Local Rule 4; all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the Court's Arbitration Panel. Most cases ordered to arbitration are also ordered to a pre-arbitration settlement conference. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is <u>not</u> binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a court trial within 30 days after the arbitrator's award has been filed.

### Cost

There is no cost to the parties for judicial arbitration or for the pre-arbitration settlement conference.

## MEDIATION

### Description

Mediation is a voluntary, flexible, and confidential process in which a neutral third party "mediator" facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of the dispute after exploring the significant interests, needs, and priorities of the parties in light of relevant evidence and the law.

Although there are different styles and approaches to mediation, most mediations begin with presentations of each side's view of the case. The mediator's role is to assist the parties in communicating with each other, expressing their interests, understanding the interests of opposing parties, recognizing areas of agreement and generating options for resolution. Through questions, the mediator aids each party in assessing the strengths and weaknesses of their position.

A mediator does not propose a judgment or provide an evaluation of the merits and value of the case. Many attorneys and litigants find that mediation's emphasis on cooperative dispute resolution produces more satisfactory and enduring resolutions. Mediation's non-adversarial approach is particularly effective in disputes in which the parties have a continuing relationship, where there are multiple parties, where equitable relief is sought, or where strong personal feelings exist.

### Operation

San Francisco Superior Court Local Court Rule 4 **provides three different voluntary mediation programs** for civil disputes. An appropriate program is available for all civil cases, regardless of the type of action or type of relief sought.

To help litigants and attorneys identify qualified mediators, the Superior Court maintains a list of mediation providers whose training and experience have been reviewed and approved by the Court. The list of court approved mediation providers can be found at www.sfgov.org/courts. Litigants are not limited to mediators on the court list and may select any mediator agreed upon by all parties. A mediation provider need not be an attorney.

Local Rule 4.2 D allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate within 240 days from the date the complaint is filed. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

### Private Mediation

The Private Mediation program accommodates cases that wish to participate in private mediation to fulfill the court's alternative dispute resolution requirement. The parties select a mediator, panel of mediators or mediation program of their choice to conduct the mediation. The cost of mediation is borne by the parties equally unless the parties agree otherwise.

Parties in civil cases that have not been ordered to arbitration may consent to private mediation at any point before trial. Parties willing to submit a matter to private mediation should indicate this preference on the Stipulation to Alternative Dispute Resolution form or the Case Management Statement (CM-110). Both forms are attached to this packet.

### *Mediation Services of the Bar Association of San Francisco*

The Mediation Services is a coordinated effort of the San Francisco Superior Court and The Bar Association of San Francisco (BASF) in which a court approved mediator provides three hours of mediation at no charge to the parties. It is designed to afford civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint, in an effort to resolve the matter before substantial funds are expended on the litigation process. Although the goal of the program is to provide the service at the outset of the litigation, the program may be utilized at anytime throughout the litigation process.

The mediators participating in the program have been pre-approved by the court pursuant to strict educational and experience requirements.

After the filing of the signed Stipulation to Alternative Dispute Resolution form included in this ADR package the parties will be contacted by BASF. Upon payment of the $200 per party administration fee, parties select a specific mediator from the list of court approved mediation providers. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waiver of the administrative fee based on financial hardship is available.

A copy of the Mediation Services rules can be found on the BASF website at www.sfbar.org, or you may call BASF at 415-782-9000.

### *Judicial Mediation*

The Judicial Mediation program is designed to provide early mediation of complex cases by volunteer judges of the San Francisco Superior Court. Cases considered for the program include construction defect, employment discrimination, professional malpractice, insurance coverage, toxic torts and industrial accidents.

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Coordinator will coordinate assignment of cases that qualify for the program.

## Cost

Generally, the cost of Private Mediation ranges from $200 per hour to $400 per hour and is shared equally by the parties. Many mediators are willing to adjust their fees depending upon the income and resources of the parties. Any party who meets certain eligibility requirements may ask the court to appoint a mediator to serve at no cost to the parties.

The Mediation Services of the Bar Association of San Francisco provides three hours of mediation time at no cost with a $200 per party administrative fee.

There is no charge for participation in the Judicial Mediation program.

## EARLY SETTLEMENT PROGRAM

### Description

The Bar Association of San Francisco, in cooperation with the Court, offers an Early Settlement Program ("ESP") as part of the Court's settlement conference calendar. The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of the dispute. The two-member volunteer attorney panel reflects a balance between plaintiff and defense attorneys with at least 10 years of trial experience.

As in mediation, there is no set format for the settlement conference. A conference typically begins with a brief meeting with all parties and counsel, in which each is given an opportunity to make an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of the case. The Early Settlement Conference is considered a "quasi-judicial" proceeding and, therefore, is not entitled to the statutory confidentiality protections afforded to mediation.

### Operation

Civil cases enter the ESP either voluntarily or through assignment by the Court. Parties who wish to choose the early settlement process should indicate this preference on the status and setting conference statement.

If a matter is assigned to the ESP by the Court, parties may consult the ESP program materials accompanying the "Notice of the Early Settlement Conference" for information regarding removal from the program.

Participants are notified of their ESP conference date approximately 4 months prior to trial. The settlement conference is typically held 2 to 3 months prior to the trial date. The Bar Association's ESP Coordinator informs the participants of names of the panel members and location of the settlement conference approximately 2 weeks prior to the conference date.

Local Rule 4.3 sets out the requirements of the ESP. All parties to a case assigned to the ESP are required to submit a settlement conference statement prior to the conference. All parties, attorneys who will try the case, and insurance representatives with settlement authority are required to attend the settlement conference. If settlement is not reached through the conference, the case proceeds to trial as scheduled.

### Cost

All parties must submit a $250 generally non-refundable administrative fee to the Bar Association of San Francisco. Parties who meet certain eligibility requirements may request a fee waiver. For more information, please contact the ESP Coordinator at (415) 782-9000 ext. 8717.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

For further information about San Francisco Superior Court ADR programs or dispute resolution alternatives, please contact:

Superior Court Alternative Dispute Resolution,
400 McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

or visit the Superior Court Website at
http://sfgov.org/site/courts_page.asp?id=3672

ADR-1   10/07 (ja)

Page 9

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO
400 McAllister Street, San Francisco, CA  94102-4514

| | |
|---|---|
| Plaintiff<br><br>v.<br><br>Defendant | Case No. _____<br><br>**STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION** |

The parties hereby stipulate that this action shall be submitted to the following alternative dispute resolution process:

☐ **Private Mediation**          ☐ **Mediation Services of BASF**     ☐ **Judicial Mediation**
☐ **Binding arbitration**                                                   Judge _____
☐ **Non-binding judicial arbitration**                                       Judge _____
☐ **BASF Early Settlement Program**
☐ **Other ADR process (describe)** _____

**Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____

_____

| | | |
|---|---|---|
| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | | Dated: _____ |
| | | |
| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | | Dated: _____ |
| | | |
| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | | Dated: _____ |

☐ *Additional signature(s) attached*

# MEDIATION SERVICES

THE BAR ASSOCIATION OF SAN FRANCISCO

## SUCCESS STORIES

"The mediator settled a case that opposing counsel and I honestly believed could not be settled."

*—Richard W. Osman, Esq.*
*Bertrand, Fox & Elliot*

"Much thanks to the mediator and The Bar Association of San Francisco. The mediator was extraordinary; he went above and beyond the call of duty, and his knowledge of real property issues greatly assisted the parties."

*—Robert P. Travis, Esq.*
*Travis and Pon*

"The mediator was excellent! He was effective with some strong, forceful personalities."

*—Denise A. Leadbetter, Esq.*
*Zacks, Utrecht & Leadbetter*

**Procedures, Forms, Mediator Biographies and Photos:**

**WWW.SFBAR.ORG/MEDIATION**

Questions?

ADR@sfbar.org or 415.982.1600

# BASF Mediators

| | |
|---|---|
| Koorosh Afshari | Arnold B. Haims |
| Robert E. Aune | Ben Hamburg |
| Elizabeth E. Bader | Michael D. Handios |
| Eileen Barker | Lynn Hansen |
| Sandra Blair | John R. Heisse, II |
| Burton F. Boltuch | Kay E. Henden |
| Bradley Bostick | Frederick C. Hertz |
| Angela Bradstreet | Bruce Highman |
| George B. Brewster | Yolanda M. Jackson |
| Fred D. Butler | Richard Jaeger |
| Keith Chrestionson | Roberta R. Jeffrey |
| Thomas A. Cohen | Kenneth F. Johnson |
| Nancy de Ita | Sieger P. Johnson |
| Mark J. Divelbiss | Gail Killefer |
| Martin H. Dodd | Carol M. Kingsley |
| Paul Dubow | Chris Knowlton |
| David H. Fielding | Guy O. Kornblum |
| Robert T. Fries | Dr. Urs Laeuchli |
| Mark Gainer | Paula Lawhon |
| Sanford Garfinkel | Theodora R. Lee |
| Gerald F. George | Arthur D. Levy |
| Matthew J. Geyer | Robert T. Lynch |
| Judith A. Gordon | Sharon T. Maier |
| Stephen J. Gorski | Michael L. Marx |
| Laurel Littman Gothelf | Judith A. Mazia |
| Judge Ron Greenberg (Ret) | David J. Meadows |
| Paul D. Gutierrez | Thomas C. Nagle |
| Marilyn O'Toole | |
| Marc Poisin | |
| Herman D. Papa | |
| Basil Plastiras | |
| Marco Quazzo | |
| Steven Rosenberg | |
| Jeffrey A. Ross | |
| Alan R. Rothstein | |
| Stephen B. Ruben | |
| Cheryl A. Sena | |
| Malcolm Sher | |
| Elizabeth H. Shwiff | |
| Arthur R. Siegel | |
| Carol Ruth Silver | |
| Teri H. Sklar | |
| Roger W. Sleight | |
| Yaroslav Sochynsky | |
| Jason H. Stein | |
| Michael J. Timpane | |
| Elizabeth A. Tippin | |
| Charles A. Triay | |
| Claudia M. Viera | |
| Gregory D. Walker | |
| Albert B. Wenzell, Jr. | |
| Anne Werchick | |
| Andrew R. Wiener | |
| Joel Zebrack | |

**MEDIATOR BIOGRAPHIES & PHOTOGRAPHS: WWW.SFBAR.ORG/MEDIATION**

2/07

## What is mediation?

Mediation is a voluntary, private dispute resolution process in which a trained mediator assists the parties in reaching an outcome that is mutually agreeable. Mediation tends to be less formal, take less time and cost less than arbitration or a court action. The mediator does not make a decision for you, as a judge or arbitrator might. Rather, they help you come to a resolution that all parties are satisfied with, which is binding only if everyone agrees.

## What is BASF's Mediation Service?

Mediation Services was established in November 2003 by The Bar Association of San Francisco (BASF) with extensive input from experienced mediators, litigators and judges. This is a traditional mediation service providing experienced private mediators, and is an approved alternative to court ordered Arbitration or Early Settlement.

## How does it work?

BASF's Mediation Services works quickly, matching a qualified mediator to a case within days. The assignment process is flexible; parties may ask experienced BASF staff to suggest a mediator, request three biographies to choose from, or choose a particular mediator from our Web site. To use a BASF mediator, a simple Consent to Mediate form, with the administrative fee, is sent to BASF.

## Who can use the service?

The service can be utilized by anyone whether or not the dispute has been filed in a court. If a legal action is already underway, it can be used at any time during the litigation process and is not limited to San Francisco County litigants. Our mediators are ready to assist in almost any area needed, ranging from multi-party commercial matters to individuals in conflict.

## How much does the service cost?

Our mediators generously provide one hour of preparation and two hours of session time free of charge as a service to BASF and the community. To qualify for the pro-bono hours, parties must file the Consent to Mediate form with BASF. Hourly fees beyond those three hours vary depending on the mediator selected. BASF charges a small administrative fee per party, which pays for the costs of running the program. Parties can request a waiver of the fee based on financial hardship.

## Who are the mediators?

BASF's mediators are experienced mediation professionals who are available to assist in most areas of dispute. Each has been pre-approved pursuant to strict educational and experience requirements. In fact, our mediators average 15 years of mediation experience and 125 hours of formal mediation training.

## Areas of Experience

**Business**
**Civil Rights**
**Commercial**
**Construction**
**Contracts**
**Disability**
**Discrimination**
**Education**
**Employment/Workplace**
**Environmental**
**Family**
**Fee Disputes**
**Financial**
**Gay/Lesbian/Bisexual Issues**
**Government**
**Insurance**
**Intellectual Property**
**Intra-Organizational**
**Labor**
**Landlord/Tenant**
**Land Use**
**Malpractice:**
**Legal-Medical-Professional**
**Partnership Dissolutions**
**Personal Injury**
**Probate/Trust**
**Products Liability**
**Real Estate**
**Securities**
**Taxation**
**Uninsured Motorist**
**Women's Issues**

**WWW.SFBAR.ORG/MEDIATION**

1    Bingham McCutchen LLP
     JOHN D. PERNICK (SBN 155468)
2    john.pernick@bingham.com
     NIMA E. SOHI (SBN 233199)
3    nima.sohi@bingham.com
     Three Embarcadero Center
4    San Francisco, CA  94111-4067
     Telephone:  (415) 393-2000
5    Facsimile:  (415) 393-2286

6    Attorneys for Defendants
     JPMorgan Chase & Co., and JPMorgan
7    Compensation and Benefit Strategies

8
                    UNITED STATES DISTRICT COURT
9
                   NORTHERN DISTRICT OF CALIFORNIA
10
                        SAN FRANCISCO DIVISION
11

12
     SHARTSIS FRIESE LLP,                      No.
13
                    Plaintiff,                 DECLARATION OF THOMAS S.
14          v.                                 TERRY IN SUPPORT OF NOTICE OF
                                               REMOVAL OF CIVIL ACTION
15   JP MORGAN CHASE & CO., JP MORGAN          PURSUANT TO 28 U.S.C. SECTIONS
     COMPENSATION AND BENEFIT                  1332 AND 1441
16   STRATEGIES as Successor in Interest of CCA
     STRATEGIES LLC and CHICAGO               Complaint filed: January 24, 2008
17   CONSULTING ACTUARIES, LLC and DOES
     1-10,
18
                    Defendants.
19

20

21

22

23

24

25

26

27

28
     A/72430198.2/0803142-0000331170
     _____
         DECLARATION OF THOMAS S. TERRY IN SUPPORT OF NOTICE OF REMOVAL OF CIVIL ACTION
                        PURSUANT TO 28 U.S.C. SECTIONS 1332 AND 1441

1          I, Thomas S. Terry, declare:

2          1.        I am a Managing Director of JPMorgan Retirement Plan Services LLC

3     ("JPMorgan RPS") and, as part of my duties, am Managing Director of Defendant JPMorgan

4     Compensation and Benefit Strategies ("JPMorgan CBS"). I have personal knowledge of the

5     facts set forth in this declaration and would be competent to testify to the truth thereof if called to

6     do so.

7          2.        Defendant JPMorgan CBS is a d/b/a of JPMorgan RPS.  JPMorgan CBS is

8     not a legal entity.

9          3.        JPMorgan RPS is a Delaware Limited Liability Company with its

10    principal place of business in Kansas City, Missouri.

11         4.        JPMorgan RPS's sole member is JPMorgan Invest Holdings, LLC.

12    JPMorgan Invest Holdings, LLC is a Delaware Limited Liability Company with its principal

13    place of business in Boston, Massachusetts.

14         5.        JPMorgan Invest Holdings LLC's sole member is Defendant JPMorgan

15    Chase & Co.  JPMorgan Chase & Co. is a Delaware Corporation with its principal place of

16    business in New York, New York.

17         I declare under penalty of perjury under the laws of the State of California and the

18    United States of America that the foregoing is true and correct.

19    Executed this 19th day of February, 2008, in _New York City, NY_

20

21                                        _____
                                          Thomas S. Terry
22

23

24

25

26

27

28                                          1

DECLARATION OF THOMAS S. TERRY IN SUPPORT OF NOTICE OF REMOVAL OF CIVIL ACTION
PURSUANT TO 28 U.S.C. SECTIONS 1332 AND 1441

A/72430198.2

♦.JS 44   (Rev. 12/07) (cand rev 1-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS: JPMORGAN CHASE & CO.; JPMORGAN |
|---|---|
| SHARTSIS FRIESE LLP | COMPENSATION AND BENEFIT STRATEGIES |

| (b) County of Residence of First Listed Plaintiff San Francisco | County of Residence of First Listed Defendant New York |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Arthur J. Shartsis (SBN 51549)
Mary Jo Shartsis (SBN 55194),  Lisa A. Jacobs (SBN 230364)
Shartsis Friese LLP, One Maritime Plaza, 18th Floor
San Francisco, CA 94111, Tel: (415) 421-6500; Fax (415) 421-2922

Attorneys (If Known)

John D. Pernick, Esq. (SBN 155468)
Nima E. Sohi, Esq. (SBN 233199)
Bingham McCutchen LLP, Three Embarcadero Center, San Francisco,
CA 94111, Tel: (415) 393-2000; Fax (415) 393-2286

**JL ADR**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☐ 3  Federal Question (U.S. Government Not a Party) |
| ☐ 2  U.S. Government Defendant | ☒ 4  Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State. | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA(1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities – Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332

Brief description of cause:
Breach of Contract and Negligence Related to Retirement Plans

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | **DEMAND $** Not less than $25,000 | CHECK YES only if demanded in complaint: **JURY DEMAND:** ☒ Yes ☐ No |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE". |
|---|---|

| IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY) | ☒ SAN FRANCISCO/OAKLAND | ☐ SAN JOSE |
|---|---|---|

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| February 22, 2008 | |

American LegalNet, Inc.
www.FormsWorkflow.com

JS 44 Reverse (Rev. 12/07)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.    (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.    Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.    Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.    Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**        Example:        U.S. Civil Statute: 47 USC 553

Brief Description: Unauthorized reception of cable service

**VII.    Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

American LegalNet, Inc.
www.FormsWorkflow.com