1  Bingham McCutchen LLP
   JOHN D. PERNICK (SBN 155468)
2  john.pernick@bingham.com
   NIMA E. SOHI (SBN 233199)
3  nima.sohi@bingham.com
   Three Embarcadero Center
4  San Francisco, CA  94111-4067
   Telephone:  (415) 393-2000
5  Facsimile:  (415) 393-2286

6  Attorneys for Defendants
   JPMorgan Chase & Co., and JPMorgan
7  Compensation and Benefit Strategies

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                       SAN FRANCISCO DIVISION

12 | SHARTSIS FRIESE LLP, | No. C 08-01064 SC |
|---|---|
13 | Plaintiff, | DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS UNDER F.R.C.P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES |
14 | v. | |
15 | JP MORGAN CHASE & CO., JP MORGAN COMPENSATION AND BENEFIT STRATEGIES as Successor in Interest of CCA STRATEGIES LLC and CHICAGO CONSULTING ACTUARIES, LLC and DOES 1-10, | Date:      May 9, 2008<br>Time:      10:00 a.m.<br>Courtroom: One, 17th Floor<br>Judge:     Hon. Samuel Conti |
18 | Defendants. | |

A/72465944.4/0803142-0000331170                                              No. C 08-01064 SC

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS UNDER F.R.C.P. 12(b)(6)

**NOTICE OF MOTION AND MOTION TO DISMISS**

TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 9, 2008 at 10:00 a.m., or as soon thereafter as the matter may be heard in the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California, 94102, Courtroom 1, 17th Floor, before the Honorable Samuel Conti, Defendants JPMorgan Chase & Co. and JPMorgan Compensation and Benefit Strategies (collectively "JPMorgan") will move this Court for an order dismissing the Third and Fourth Claims for Relief in the Complaint filed by Plaintiff Shartsis Friese LLP ("SF"). The motion is made pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) on the grounds that: (1) the Third Claim for Relief for negligent misrepresentation lacks the specificity required under Rule 9(b) of the Federal Rules of Civil Procedure and also fails because SF's allegations as to falsity and justifiable reliance are not adequately pleaded and (2) the Fourth Claim for Relief for breach of fiduciary duty fails because the parties did not have a fiduciary relationship.

The Motion is based on this Notice of Motion and Motion and the accompanying Memorandum of Points and Authorities, the pleadings and records on file with this Court, and such other evidence and argument as may be presented at the time of the hearing.

DATED: March 21, 2008                BINGHAM McCUTCHEN LLP

                                     By:     /s/ John D. Pernick
                                           John D. Pernick
                                           Attorneys for Defendants
                                           JPMorgan Chase & Co. and JPMorgan
                                           Compensation and Benefit Strategies

**MEMORANDUM OF POINTS AND AUTHORITIES**

**IN SUPPORT OF JPMORGAN'S MOTION TO DISMISS**

## I. INTRODUCTION

The underlying dispute in this case is simple. SF alleges that it hired CCA Strategies, LLC ("CCA") to perform certain services relating to SF's Profit Sharing/401K Plan (the "Plan"). SF further alleges that the advice CCA gave SF regarding contribution amounts under the Plan was mistaken. Defendants deny these allegations and will demonstrate that CCA performed all of its obligations with due care. But, before that happens, the Court should dispose of SF's meritless attempt to make this case something it is not. SF's breach of fiduciary duty and negligent misrepresentation causes of action should be dismissed.

SF's breach of fiduciary duty claim fails because CCA did not owe SF a fiduciary duty. The alleged contract between SF and CCA was not sufficient, on its own, to create a fiduciary relationship. Nor did performance of the consulting services at issue in this case require the exchange of confidences or absolute duty of loyalty that mark a fiduciary relationship.

SF's negligent misrepresentation claim fails, in the first instance, because it does not comply, as it must, with the particularity requirements of Rule 9(b) of the Federal Rules of Civil Procedure. SF's misrepresentation claim is, in essence, that CCA allegedly did not inform SF of the Plan assumptions underlying CCA's recommendations for Plan contributions. But SF does not identify any specific contribution recommendation that purportedly omitted this information. Defendants cannot adequately respond to this claim unless SF identifies the specific representations on which its claim is based. The negligent misrepresentation claim also fails because SF, which had a statutory duty to know the provisions and requirements of the Plan, cannot show that it justifiably relied on any purported misrepresentation by CCA about whether CCA's recommended contributions were in accordance with the Plan.

SF's attempt to convert its consulting relationship with CCA into a fiduciary relationship is unavailing, as is its effort to transform a dispute over the adequacy of CCA's performance into a claim for negligent misrepresentation. The Court should dismiss these meritless claims.

## II. STATEMENT OF ISSUES TO BE DECIDED

The questions before this Court are: (1) whether the Third Claim for Relief for negligent misrepresentation should be dismissed for failure to state a claim and for failure to meet the pleading requirements of Rule 9(b) and (2) whether the Fourth Claim for Relief for breach of fiduciary duty should be dismissed for failure to state a claim.

## III. STATEMENT OF FACTS

Prior to its acquisition by JPMorgan Retirement Services, LLC in 2006, CCA was in the business of providing consulting, administrative, and actuarial services in connection with retirement plans.[1] SF alleges that, in early 2001, it retained CCA to provide computations, allocations and related consulting services in connection with its Profit Sharing/401(k) Plan. Complaint, ¶ 6. SF claims that CCA agreed to review the Plan to determine whether it maximized the contributions of the partners and minimized other expenses consistent with and in compliance with applicable law. Complaint, ¶ 8. SF also alleges that CCA agreed to advise SF on the amount of contributions to be made by each partner consistent with maximizing such partner contributions under the Plan. Complaint, ¶ 8. And, SF alleges that CCA was engaged to provide professional services to SF in designing, establishing, and administering a cash-balance pension plan and to advise SF regarding the optimum way in which SF could maximize its partners' contributions to the Plan and to the cash-balance pension plan at the least possible expense to SF. Complaint, ¶ 6. SF alleges that CCA represented that it had the professional expertise to perform these services in a competent and professional manner. Complaint, ¶ 7.

According to SF, CCA's engagement commenced when CCA and SF entered into an oral agreement on or about February 13, 2001. Complaint, ¶ 16. However, SF does not allege any particulars regarding the statements that formed the basis of the agreement, SF's duties under the agreement, or the consideration SF was to pay CCA under the agreement.

---

[1] The Complaint erroneously alleges that CCA was acquired by Defendant JPMorgan Chase & Co. In actuality, as is described in the Notice of Removal, CCA was acquired by JPMorgan Retirement Services, LLC, which uses JPMorgan Compensation and Benefit Strategies as a d/b/a.

SF alleges that CCA provided it with advice regarding the amount of annual contributions and allocations to be made under the Plan by SF and its partners but that the contributions and allocations CCA advised SF and its partners to make were not in accordance with applicable law because they were not in accordance with the Plan's allocation formula. Complaint, ¶ 10. SF alleges that because the contributions and allocations were not in accordance with the Plan's allocation formula, the Plan's tax favored status is in jeopardy. Complaint, ¶ 11. SF alleges that it has incurred significant expenses in investigating and attempting to correct this problem and that the Plan participants may incur a substantial loss of retirement benefits. Complaint, ¶¶ 11-12.

Based on these allegations, SF purports to state causes of action for breach of oral contract, negligence, negligent misrepresentation, breach of fiduciary duty, and declaratory relief.

## IV.  ARGUMENT

### A.  SF Has Failed To, And Cannot, State A Claim For Breach Of Fiduciary Duty

In order to state a claim for breach of fiduciary duty, a plaintiff must allege facts sufficient to show that a fiduciary relationship was actually created. *LaMonte v. Sanwa Bank California*, 45 Cal. App. 4th 509, 517 (1996). SF alleges that it entered into an oral contract under which CCA agreed to perform consulting and actuarial services. Complaint, ¶ 30. The alleged existence of that contract is not sufficient to create a fiduciary duty. "California law is that parties to a contract, by that fact alone, have no fiduciary duties toward one another." *Rickel v. Schwinn Bicycle Co.,* 144 Cal. App. 3d 648, 654 (1983).

In a fiduciary relationship, one party is duty bound to act with the utmost good faith for the benefit of the other party. Such relationships ordinarily arise when confidence is placed by one person in the integrity and loyalty of another. *Wolf v. Superior Court*, 107 Cal. App. 4th 25, 29-30 (2003). "Traditional examples of fiduciary relationships in the commercial context include trustee/beneficiary, directors and majority shareholders of a corporation, business partners, joint adventurers, and agent/principal." *Id*. at 30.

SF hired CCA to perform certain consulting services including analysis of the Plan, design of a cash-benefit plan, and calculation of contributions to be made under the Plan. Performance of those services does not require the exchange of confidences or the absolute duty of loyalty that mark a fiduciary relationship. Indeed, SF does not, and cannot, allege any facts that would establish a fiduciary relationship between SF and CCA. There can be no breach of fiduciary duty without a fiduciary relationship. Therefore, the breach of fiduciary duty cause of action should be dismissed.

### B.    SF Has Failed To State A Claim For Negligent Misrepresentation

#### 1.    SF Has Failed To Allege Its Negligent Misrepresentation Claim With The Particularity Required By Rule 9(b)

A plaintiff who purports to state a cause of action for negligent misrepresentation must meet the particularity requirements of Rule 9(b). *See, e.g.*, *Deitz v. Comcast Corp.*, No. C 06 06352 WHA, 2006 WL 3782902, at *6 (N.D. Cal. Dec. 21, 2006) ("Most district courts within the Ninth Circuit have held, however, that a negligent-misrepresentation claim is subject to the heightened pleading requirements of Rule 9(b)."); *Lucent Technologies, Inc. v. Dicon Fiberoptics, Inc.*, No. C 06-5056 PJH, 2007 WL 1394731, at *2 (N.D. Cal. May 10, 2007) (dismissing negligent misrepresentation claim for failure to meet Rule 9(b) particularity requirements); *Neilson v. Union Bank of California, N.A.*, 290 F.Supp. 2d 1101, 1141 (C.D. Cal. 2003) ("It is well-established in the Ninth Circuit that both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirements.").

To meet Rule 9(b)'s particularity requirements, a plaintiff must allege the specifics of each purported misrepresentation, including the who, what, when, where, and how of the alleged misrepresentation. *See, e.g.*, *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997), *superseded by statute on other grounds by In re Vantive Corp. Sec. Litig.*, 283 F.3d 1079, 1091 (9th Cir. 2002). For example, the plaintiff must identify whether the misrepresentation was oral or written and, if written, the particular document involved. *Arroyo v. Wheat*, 591 F.Supp. 136, 139 (D. Nev. 1984).

The Complaint's negligent misrepresentation cause of action does not meet these requirements. SF only alleges that CCA "represented" that the contributions it recommended were in accordance with the Plan's allocation formula. The Complaint does not describe any specific representation relating to Plan contributions, much less the circumstances of any representation. There is no allegation as to when the alleged representations were made, who made them, whether they were oral or in writing, or even the language of the representations themselves. Without knowing the specific alleged representations on which this claim is based, Defendants are not able to respond to SF's allegations. The negligent misrepresentation cause of action should be dismissed for failure to meet Rule 9(b)'s particularity requirements.

### 2. SF Cannot Show That It Justifiably Relied On CCA's Statements Regarding Conformity To The Plan

SF alleges that CCA represented that the contributions it recommended were in accordance with the Plan's allocation formula. SF alleges that those representations were false because, according to SF, the recommended contributions did not comply with the Plan's allocation formula. Defendants deny those allegations. However, even if the allegations were true, they are still not sufficient to state a claim for negligent misrepresentation. In order to state a claim for negligent misrepresentation, SF must also allege facts sufficient to show that it justifiably relied on CCA's alleged representations. *B.L.M. v. Sabo & Deitsch*, 55 Cal. App. 4th 823, 836 (1997). But SF cannot show justifiable reliance because it had a statutory duty to know and understand the Plan's provisions.

The Plan at issue in this case was governed by the Employee Retirement Income Security Act ("ERISA"). Under ERISA, every Plan must have one or more named fiduciaries. 29 U.S.C. § 1102(a)(1). Based on its activities as described in the Complaint, SF was acting as one of the Plan's fiduciaries. As a fiduciary, SF was required to discharge its duties "in accordance with the documents and instruments governing the plan . . . ." 29 U.S.C. § 1104(a)(1)(D), which necessarily requires that SF know the Plan's provisions. Moreover, SF was required to provide the Plan's beneficiaries with a summary plan description describing the beneficiaries' rights and obligations under the Plan. 29 U.S.C. § 1022(a).

1   Given SF's duties as a Plan fiduciary, and the knowledge of the Plan that SF was required
2   to have, SF cannot reasonably argue that it was so ignorant of the Plan's provisions that it was
3   unable to determine if, on their face, CCA's recommendations were in accordance with the Plan.
4   Therefore, SF cannot show justifiable reliance on CCA's alleged representations and the
5   negligent misrepresentation cause of action should be dismissed.

### 3. The Facts Alleged Do Not Support SF's Conclusion That CCA's Representations About Its Abilities Were False

8   SF also appears to allege that CCA's representation that it had the professional expertise
9   to perform the requested services was false. Complaint, ¶ 26 (citing representations alleged in
10  paragraph 7 of the Complaint). But the facts alleged in the Complaint do not support SF's
11  conclusory allegation that CCA did not have the professional expertise to perform the requested
12  services. SF does allege that CCA made a mistake in calculating the Plan contributions because,
13  according to SF, CCA's suggested contributions were not in accordance with the Plan.
14  Defendants deny those allegations but, even if they were true, the fact that CCA, or certain CCA
15  employees, may have made a mistake does not establish that CCA did not have the professional
16  expertise to perform the work it discussed with SF. Indeed, according to SF, CCA performed a
17  large amount of work for SF, including the design of SF's cash-benefit plan. *See*, Complaint,
18  ¶ 6. SF does not allege that there were any deficiencies in CCA's work other than the alleged
19  mistake relating to conformity to the Plan. As the Supreme Court held in *Bell Atlantic Corp. v.*
20  *Twombly*, 127 S.Ct. 1955 (2007), a plaintiff must provide more than just conclusions. "Factual
21  allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*,
22  127 S.Ct. at 1965 (internal citations omitted). Here, there are no facts alleged that support SF's
23  claim that CCA's alleged statements about CCA's expertise were false at the time they were
24  made.

### V. CONCLUSION

26  SF's Complaint does not state claims for breach of fiduciary duty or negligent
27  misrepresentation. There was no fiduciary relationship between SF and CCA, therefore, there
28  can be no breach of fiduciary duty. SF's negligent misrepresentation claim does not meet Rule

1  9(b)'s particularity requirements and SF's allegations regarding falsity and justifiable reliance
2  are also deficient. The Court should dismiss SF's breach of fiduciary duty and negligent
3  misrepresentation claims.

5  DATED: March 21, 2008                BINGHAM McCUTCHEN LLP

                                        By:        /s/ John D. Pernick
                                                John D. Pernick
                                              Attorneys for Defendants
                                          JPMorgan Chase & Co. and JPMorgan
                                          Compensation and Benefit Strategies