Lewis Brisbois Bisgaard & Smith, LLP
THOMAS RITTENBURG (SBN 108090)
rittenbu@lbbslaw.com
221 N. Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: (213) 250.1800
Facsimile: (213) 250.7900

Attorneys for Defendants
JP Morgan Retirement Services, LLC
dba JP Morgan Compensation and Benefit Strategies,
as Successor in Interest to CCA Strategies, LLC,
and Chicago Actuaries, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SHARTSIS FRIESE LLP, <br><br> Plaintiff, <br><br> v. <br><br> JP MORGAN CHASE & CO., JP MORGAN COMPENSATION AND BENEFIT STRATEGIES as Successor in Interest of CCA STRATEGIES LLC and CHICAGO CONSULTING ACTUARIES, LLC and DOES 1-10, <br><br> Defendants. | No. C 08-01064 SC <br><br> DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT UNDER F.R.C.P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES <br><br> Date: June 13, 2008 <br> Time: 10:00 a.m. <br> Courtroom: One, 17th Floor <br> Judge: Hon. Samuel Conti |

4834-6251-4434.1

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS UNDER F.R.C.P. 12(B)(6)

## NOTICE OF MOTION AND MOTION TO DISMISS

TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on <u>June 13</u>, 2008 at 10:00 a.m., or as soon thereafter as the matter may be heard in the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California, 94102, Courtroom 1, 17th Floor, before the Honorable Samuel Conti, Defendants JP Morgan Retirement Services, LLC dba JP Morgan Compensation and Benefit Strategies, as Successor in Interest to CCA Strategies, LLC, and Chicago Actuaries, LLC (collectively "JP Morgan") will move this Court for an order dismissing the Third and Fourth Claims for Relief in the First Amended Complaint filed by Plaintiff Shartsis Friese LLP ("SF"). The motion is made pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) on the grounds that: (1) the Third Claim for Relief for negligent misrepresentation lacks the specificity required under Rule 9(b) of the Federal Rules of Civil Procedure and also fails because SF's allegations as to falsity and justifiable reliance are not adequately pleaded and (2) the Fourth Claim for Relief for breach of fiduciary duty fails because the parties did not have a fiduciary relationship.

The Motion is based on this Notice of Motion and Motion and the accompanying Memorandum of Points and Authorities, the pleadings and records on file with this Court, and such other evidence and argument as may be presented at the time of the hearing.

DATED: May __7__, 2008        LEWIS BRISBOIS BISGAARD & SMITH LLP

By _____
Thomas Rittenburg
Attorneys for Defendants JP Morgan
Retirement Services, LLC dba JP Morgan
Compensation and Benefit Strategies, as
Successor in Interest to CCA Strategies, LLC,
and Chicago Actuaries, LLC

# MEMORANDUM OF POINTS AND AUTHORITIES
# IN SUPPORT OF JP MORGAN'S MOTION TO DISMISS

## I.  INTRODUCTION

At the heart of the underlying dispute in this case SF alleges that it hired CCA Strategies, LLC ("CCA") to perform certain services relating to SF's Profit Sharing/401K Plan (the "Plan"). SF further alleges that the advice CCA gave SF regarding contribution amounts under the Plan was mistaken. Defendants deny these allegations and will demonstrate that CCA performed all of its obligations with due care.

Defendants filed a Rule 12(b)(6) motion to dismiss the original Complaint's cause of action for breach of fiduciary duty on the grounds that SF's breach of fiduciary duty claim fails because CCA did not owe SF a fiduciary duty; the alleged contract between SF and CCA was not sufficient, on its own, to create a fiduciary relationship; nor did performance of the consulting services at issue in this case require the exchange of confidences or absolute duty of loyalty that mark a fiduciary relationship.

The original Rule 12(b)(6) motion to dismiss the original Complaint's cause of action for negligent misrepresentation asserted that the Complaint it did not comply, as it must, with the particularity requirements of Rule 9(b) of the Federal Rules of Civil Procedure. SF claimed that CCA allegedly did not inform SF of the Plan assumptions underlying CCA's recommendations for Plan contributions, but SF did not identify any specific contribution recommendation that purportedly omitted this information. The negligent misrepresentation claim also failed because SF, which had a statutory duty to know the provisions and requirements of the Plan, could not show that it justifiably relied on any purported misrepresentation by CCA about whether CCA's recommended contributions were in accordance with the Plan.

In response, SF filed a Notice of Non-Opposition with the denial of the grounds alleged in the motions as well as a promise to cure whatever defects might exist. On April 25, 2008, the Court granted the motions and granted leave to file the First Amended Complaint already on file.

However, the First Amended Complaint (FAC) fails to cure the defects noted in the initial motion. Defendants cannot adequately respond to the negligent misrepresentation claim unless SF identifies the specific representations on which its claim is based. SF's attempt to convert its consulting relationship with CCA into a fiduciary relationship is unavailing, as is its effort to transform a dispute over the adequacy of CCA's performance into a claim for negligent misrepresentation. The Court should dismiss these meritless claims.

## II.   STATEMENT OF ISSUES TO BE DECIDED

The questions before this Court are: (1) whether the Third Claim for Relief for negligent misrepresentation should be dismissed for failure to state a claim and for failure to meet the pleading requirements of Rule 9(b) and (2) whether the Fourth Claim for Relief for breach of fiduciary duty should be dismissed for failure to state a claim.

## III.  STATEMENT OF FACTS

Prior to its acquisition by JP Morgan Retirement Services, LLC in 2006, CCA was in the business of providing consulting, administrative, and actuarial services in connection with retirement plans. SF alleges that, in early 2001, it retained CCA to provide computations, allocations and related consulting services in connection with its Profit Sharing/401(k) Plan because SF lacked the expertise to perform these functions. FAC, ¶ 6. SF claims that CCA agreed to review the Plan to determine whether it maximized the contributions of the partners and minimized other expenses consistent with and in compliance with applicable law. FAC, ¶ 8. SF also alleges that

CCA agreed to advise SF on the amount of contributions to be made by each partner consistent with maximizing such partner contributions under the Plan. FAC, ¶ 8. SF also alleges that CCA was engaged to provide professional services to SF in designing, establishing, and administering a cash-balance pension plan and to advise SF regarding the optimum way in which SF could maximize its partners' contributions to the Plan and to the cash-balance pension plan at the least possible expense to SF. FAC, ¶ 6. SF alleges that CCA represented that it had the professional expertise to perform these services in a competent and professional manner. FAC, ¶ 7. According to SF, CCA's engagement commenced when CCA and SF entered into an oral agreement on or about February 13, 2001. FAC, ¶ 16.

As in the original Complaint, SF alleges that CCA recommended and approved, and directed to be made, specific amounts of annual contributions and allocations to be made as consistent with the Plan. The contributions and allocations CCA advised SF and its partners to make were not in accordance with applicable law because they were not in accordance with the Plan's allocation formula. FAC, ¶ 10. In an attempt to allege particulars in support of the claim, SF alleges that in late January or February of each relevant year SF provided to CCA all compensation and personal information required for CCA to conduct the necessary compliance tests and compute allocations for contribution after the expiration of the applicable tax year. FAC ¶26. SF further alleges that the CCA advice was an integral part of SF's fulfillment of its fiduciary duties to the Plan participants. FAC, ¶9. SF alleges that because the contributions and allocations were not in accordance with the Plan's allocation formula the Plan's tax favored status is in jeopardy. FAC, ¶ 11. SF alleges that it has incurred significant expenses in investigating and attempting to correct this problem and that the Plan participants may incur a substantial loss of retirement benefits. FAC, ¶¶ 11-12.

///
///

Based on these allegations, SF purports to state causes of action for breach of oral contract, negligence, negligent misrepresentation, breach of fiduciary duty, and declaratory relief.

## IV.  ARGUMENT

### A.  SF Has Failed To, And Cannot, State A Claim For Breach Of Fiduciary Duty

In order to state a claim for breach of fiduciary duty, a plaintiff must allege facts sufficient to show that a fiduciary relationship was actually created. *LaMonte v. Sanwa Bank California*, 45 Cal. App. 4th 509, 517 (1996). SF alleges that it entered into an oral contract under which CCA agreed to perform consulting and actuarial services. Complaint, ¶ 30. The alleged existence of that contract is not sufficient to create a fiduciary duty. "California law is that parties to a contract, by that fact alone, have no fiduciary duties toward one another." *Rickel v. Schwinn Bicycle Co.*, 144 Cal. App. 3d 648, 654 (1983).

In a fiduciary relationship, one party is duty bound to act with the utmost good faith for the benefit of the other party. Such relationships ordinarily arise when confidence is placed by one person in the integrity and loyalty of another. *Wolf v. Superior Court*, 107 Cal. App. 4th 25, 29-30 (2003). "Traditional examples of fiduciary relationships in the commercial context include trustee/beneficiary, directors and majority shareholders of a corporation, business partners, joint adventurers, and agent/principal." *Id.* at 30. SF hired CCA to perform certain consulting services including analysis of the Plan, design of a cash-benefit plan, and calculation of contributions to be made under the Plan. Performance of those services does not require the exchange of confidences or the absolute duty of loyalty that mark a fiduciary relationship. Indeed, SF does not, and cannot, allege any facts that would establish a fiduciary relationship between SF and CCA. There can be no breach of     fiduciary duty without a fiduciary relationship. Therefore, the breach of

1  fiduciary duty cause of action should be dismissed.

2    **B. SF Has Failed To State A Claim For Negligent Misrepresentation**

3      **1. SF Has Failed To Allege Its Negligent Misrepresentation Claim With The Particularity Required By Rule 9(b)**

6    A plaintiff who purports to state a cause of action for negligent misrepresentation must meet the particularity requirements of Rule 9(b). *See, e.g., Deitz v. Comcast Corp.*, No. C 06 06352 WHA, 2006 WL 3782902, at 6 (N.D. Cal. Dec. 21, 2006) ("Most district courts within the Ninth Circuit have held, however, that a negligent-misrepresentation claim is subject to the heightened pleading requirements of Rule 9(b)."); *Lucent Technologies, Inc. v. Dicon Fiberoptics, Inc.*, No. C 06-5056 PJH, 2007 WL 1394731, at 2 (N.D. Cal. May 10, 2007) (dismissing negligent misrepresentation claim for failure to meet Rule 9(b) particularity requirements); *Neilson v. Union Bank of California, NA.*, 290 F.Supp. 2d 1101, 1141 (CD. Cal. 2003) ("It is well-established in the Ninth Circuit that both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirements.").

  To meet Rule 9(b)'s particularity requirements, a plaintiff must allege the specifics of each purported misrepresentation, including the who, what, when, where, and how of the alleged misrepresentation. *See, e.g., Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997), *superseded by statute on other grounds by In re Vantive Corp. Sec. Litig.*, 283 F.3d 1079, 1091 (9th Cir. 2002).

For example, the plaintiff must identify whether the misrepresentation was oral or written and, if written, the particular document involved. *Arroyo v. Wheat*, 591 F.Supp. 136, 139 (D. Nev. 1984).

  The FAC's negligent misrepresentation cause of action does not meet these requirements. SF only alleges that CCA "represented" that the contributions it recommended were in accordance with the Plan's allocation formula. The FAC does

not expand beyond the generalities employed in the original Complaint to describe any specific representation relating to Plan contributions, much less the circumstances of any representation. There is no allegation as to when the alleged representations were made, what reliance was placed upon them, who made them, whether they were oral or in writing, or even the language of the representations themselves. Without knowing the specific alleged representations on which this claim is based, Defendants are not able to respond to SF's allegations. The negligent misrepresentation cause of action should be dismissed for failure to meet Rule 9(b)'s particularity requirements.

    **2.**  **SF Cannot Show That It Justifiably Relied On CCA's Statements**

       **Regarding Conformity To The Plan**

SF alleges that CCA represented that the contributions it recommended and/or directed were in accordance with the Plan's allocation formula. SF alleges that those representations were false because, according to SF, the recommended contributions did not comply with the Plan's allocation formula. Defendants deny those allegations. However, even if the allegations were true, they are still not sufficient to state a claim for negligent misrepresentation. In order to state a claim for negligent misrepresentation, SF must also allege facts sufficient to show that it justifiably relied on CCA's alleged representations. *B.L.M. v. Saba & Deitsch*, 55 Cal. App. 4th 823, 836 (1997). But SF cannot show justifiable reliance because it had a statutory duty to know and understand the Plan's provisions, as alluded to in SF's admission of its fiduciary duties to the Plan participants.

The Plan at issue in this case was governed by the Employee Retirement Income Security Act ("ERISA"). Under ERISA, every Plan must have one or more named fiduciaries. 29 U.S.C. § 1102(a)(1). Based on its activities as described in the FAC, SF was acting as one of the Plan's fiduciaries. As a fiduciary, SF was required to discharge its duties "in accordance with the documents and instruments governing

the plan. . ." 29 U.S.C. § 1104(a)(1)(D), which necessarily requires that SF know the Plan's provisions. Moreover, SF was required to provide the Plan's beneficiaries with a summary plan description describing the beneficiaries' rights and obligations under the Plan. 29 U.S.C. § 1022(a).

Given SF's duties as a Plan fiduciary, and the knowledge of the Plan that SF was required to have, SF cannot reasonably argue that it was so ignorant of the Plan's provisions that it was unable to determine if, on their face, CCA's recommendations were in accordance with the Plan. Therefore, SF cannot show justifiable reliance on CCA's alleged representations and the negligent misrepresentation cause of action should be dismissed.

### 3. The Facts Alleged Do Not Support SF's Conclusion That CCA's Representations About Its Abilities Were False

SF also appears to allege that CCA's representation that it had the professional expertise to perform the requested services was false. FAC §7. However, the facts alleged in the FAC do not support SF's conclusory allegation that CCA did not have the professional expertise to perform the requested services. SF does allege that CCA made a mistake in calculating the Plan contributions because, according to SF, CCA's suggested contributions were not in accordance with the Plan. Defendants deny those allegations but, even if they were true, the fact that CCA, or certain CCA employees, may have made a mistake does not establish that CCA did not have the professional expertise to perform the work it discussed with SF. Indeed, according to SF, CCA performed a large amount of work for SF, including the design of SF's cash-benefit plan. See, FAC, ¶ 6. SF does not allege that there were any deficiencies in CCA's work other than the alleged mistake relating to conformity to the Plan. As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007), a plaintiff must provide more than just conclusions. "Factual allegations must be enough to raise a right to relief above the speculative level. . .." *Twombly*, 127 S.Ct. at 1965 (internal citations omitted). Here, there are no facts alleged that support SF's

claim that CCA's alleged statements about CCA's expertise were false at the time they were made.

## V. CONCLUSION

SF's FAC does not state claims for breach of fiduciary duty or negligent misrepresentation. There was no fiduciary relationship between SF and CCA, therefore, there can be no breach of fiduciary duty. SF's negligent misrepresentation claim does not meet Rule 9(b)'s particularity requirements and SF's allegations regarding falsity and justifiable reliance are also deficient. The Court should dismiss SF's breach of fiduciary duty and negligent misrepresentation claims.

DATED: May 7, 2008          LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
Thomas Rittenburg
Attorneys for Defendants JP Morgan
Retirement Services, LLC dba JP Morgan
Compensation and Benefit Strategies, as
Successor in Interest to CCA Strategies, LLC,
and Chicago Actuaries, LLC

**PROOF OF SERVICE**
*Shartsis Friese v JP Morgan Chase Co., et al.*
Case No:  **C-08-1064-SC**

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

I am employed in the County of Sacramento, State of California. I am over the age of 18 and not a party to the within action. My business address is 221 N. Figueroa Street, Suite 1200, Los Angeles, CA 90012

On **May 7, 2008**, I served the following document(s) described as **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT UNDER F.R.C.P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**

I served the document(s) on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

Mary Jo C. Shartsis
Shartsis Friese LLP
One Mreitime Plaza, 18th Floor
San Francisco, CA 94111
PH: 415.421.6500; FX: 415.421.2922

*Counsel for Plaintiff*:
SHARTSIS FRIESE

The documents were served by the following means:

[X]   **(BY U.S. MAIL)** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and I deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid.

[X]   **(BY COURT'S CM/ECF SYSTEM)** Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

[X]   **(FEDERAL)** I declare under penalty of perjury under the laws of the United States of America that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **May 7, 2008**, at Los Angeles, California.



ROSA REZA

4834-6251-4434.1

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS UNDER F.R.C.P. 12(B)(6)