Lewis Brisbois Bisgaard & Smith, LLP
THOMAS RITTENBURG (SBN 108090)
rittenbu@lbbslaw.com
221 N. Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: (213) 250.1800
Facsimile: (213) 250.7900

Attorneys for Defendants
JP Morgan Retirement Services, LLC
dba JP Morgan Compensation and Benefit Strategies,
as Successor in Interest to CCA Strategies, LLC,
and Chicago Actuaries, LLC

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| SHARTSIS FRIESE LLP,<br><br>Plaintiff,<br><br>v.<br><br>JP MORGAN CHASE & CO., JP MORGAN COMPENSATION AND BENEFIT STRATEGIES as Successor in Interest of CCA STRATEGIES LLC and CHICAGO CONSULTING ACTUARIES, LLC and DOES 1-10,<br><br>Defendants. | No. C 08-01064 SC<br><br>DEFENDANTS' REPLY BRIEF TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT UNDER F.R.C.P. 12(b)(6)<br><br>Date: July 11, 2008<br>Time: 10:00 a.m.<br>Courtroom: One, 17th Floor<br>Judge: Hon. Samuel Conti |

TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants JP Morgan Retirement Services, LLC dba JP Morgan Compensation and Benefit Strategies, as Successor in Interest to CCA Strategies, LLC, and Chicago Actuaries, LLC (collectively "JP Morgan") herewith present their Reply Brief to Plaintiff's Opposition to the Motion to Strike.

///

///

4835-4136-6018.1

## I. INTRODUCTION

In its First Amended Complaint ("FAC") Plaintiff Shartsis Friese ("SF") alleges that it hired CCA Strategies, LLC ("CCA") to perform certain services relating to SF's Profit Sharing/401K Plan (the "Plan"). SF further alleges that certain advice CCA gave SF regarding contribution amounts under the Plan was mistaken. Defendants moved to strike as they cannot adequately respond to the negligent misrepresentation claim unless SF identifies the specific representations on which its claim is based. SF's attempt to convert its consulting relationship with CCA into a fiduciary relationship is unavailing, as is its effort to transform a dispute over the adequacy of CCA's performance into a claim for negligent misrepresentation.

In its Opposition, SF relies on three basic theories:

That SF lacks any responsibility as a fiduciary to the Plan, instead CCA is the Plan fiduciary.

That the Rule 9 requirement of particularity does not apply; and,

That SF reasonably relied on CCA as it was its fiduciary.

These contentions are in error.

## II. ARGUMENT

### A. SF Has Failed To, And Cannot, State A Claim For Breach Of Fiduciary Duty.

In its Opposition SF asserts that while it may be a fiduciary to its own Plan it lacks responsibility to know and understand Plan provisions it drafted for the administration of the Plan under the Employee Retirement Income Security Act (ERISA) 29 U.S.C.S. §§ 1001-1461, since it afterwards retained the services of CCA to engage in purely ministerial functions in the Plan administration.

The United States Supreme Court has held that a person is a fiduciary under ERISA only when fulfilling certain defined functions, such as discretionary control over plan management or administration, thus one is a fiduciary only to the extent

that one has discretion over the use of plan assets. *Lockheed Corp v Spink*, 517 U.S. 882 (1996), *Varity Corp. v Howe*, 516 U.S. 489 (1996). There are no allegations that CCA had any such discretionary control over the Plan management or administration.

Under ERISA a fiduciary is defined functionally: a party is a fiduciary "to the extent" that he or she exercises discretion over the management of the plan or its funds or over its administration. 29 U.S.C.S. §1002(21)(A). A party not identified as a plan fiduciary can become one if, but only to the extent that, he or she undertakes discretionary tasks related to the plan's management or administration. Thus in cases alleging breach of ERISA fiduciary duty, the threshold question is not whether the actions of some person employed to provide services under a plan adversely affected a plan beneficiary's interest, but whether that person was acting as a fiduciary (that is, was performing a fiduciary function) when taking the action subject to complaint.

In this regard, the calculation of benefits and preparation of reports concerning participants' benefits are ministerial functions, and a person who performs purely ministerial functions within a framework of policies, interpretations, rules, practices and procedures made by other persons is not a fiduciary. 29 C.F.R. § 2509.75-8(D-2). *John W. Livick v. The Gillette Company, et. al.*, 524 F.3d 24 (1st Cir. 2008)

SF alleges that it entered into an oral contract under which CCA agreed to perform consulting and actuarial services. Complaint, ¶ 30. The alleged existence of that contract alone is not sufficient to create a fiduciary duty. "California law is that parties to a contract, by that fact alone, have no fiduciary duties toward one another." *Rickel v. Schwinn Bicycle Co.*, 144 Cal. App. 3d 648, 654 (1983). Since there can be no breach of fiduciary duty without a fiduciary relationship, the breach of fiduciary duty cause of action should be dismissed.

///

///

///

**B.  SF Has Failed To State A Claim For Negligent Misrepresentation**

    **1.  SF Has Failed To Allege Its Negligent Misrepresentation Claim With The Particularity Required By Rule 9(b)**

In its Opposition, SF asserts that it need not comply with the Rule 9 requirement for particularity in its allegation of negligent misrepresentation as it does not allege fraud. In doing so SF ignores the case law provided in the Motion, to wit: A plaintiff who purports to state a cause of action for negligent misrepresentation must meet the particularity requirements of Rule 9(b). *See, e.g., Deitz v. Comcast Corp.*, No. C 06 06352 WHA, 2006 WL 3782902, at 6 (N.D. Cal. Dec. 21, 2006) ("Most district courts within the Ninth Circuit have held, however, that a negligent misrepresentation claim is subject to the heightened pleading requirements of Rule 9(b)."); *Lucent Technologies, Inc. v. Dicon Fiberoptics, Inc.*, No. C 06-5056 PJH, 2007 WL 1394731, at 2 (N.D. Cal. May 10, 2007)(dismissing negligent misrepresentation claim for failure to meet Rule 9(b) particularity requirements); *Neilson v. Union Bank of California, NA.*, 290 F.Supp. 2d 1101, 1141 (C.D. Cal. 2003) ("It is well-established in the Ninth Circuit that both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirements."). To meet Rule 9(b)'s particularity requirements, a plaintiff must allege the specifics of each purported misrepresentation, including the who, what, when, where, and how of the alleged misrepresentation. *See, e.g., Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997), *superseded by statute on other grounds by In re Vantive Corp. Sec. Litig.*, 283 F.3d 1079, 1091 (9th Cir. 2002).For example, the plaintiff must identify whether the misrepresentation was oral or written and, if written, the particular document involved. *Arroyo v. Wheat*, 591 F.Supp. 136, 139 (D. Nev. 1984).

Instead, Plaintiff relies on the case of *Foster v. Allstate Ins. Co.*, 1993 U.S. Dist. LEXIS 20851 (D. Cal. 1993). In *Brandow Chrysler Jeep Co. v. Datascan Technologies*, 511 F.Supp.2d 529 (E.D.Pa. 2007) the court cited *Foster* in support of

the proposition that Rule 9 particularity applies:

> ...while Rule 9(b) does not state that it applies to claims for negligent misrepresentation, it should be considered, along with F.R.C.P. 8, when judging whether a complaint alleging negligent misrepresentation gives fair notice of the nature of the claim to the defendant. Plaintiff relies on *Foster v. Allstate Ins. Co.*, 1993 U.S. Dist. LEXIS 20851 (D. Cal. 1993), which involved a claim for negligent misrepresentation based on an insurance policy, the court assessed the complaint by the plaintiffs, the Fosters, against the defendant, Allstate, stating:
>
> Although Fed.R.Civ.P. 9(b) does not expressly apply to a claim for negligent misrepresentation, Fed.R.Civ.P. 8 does require the Fosters to give Allstate fair notice of the claim against them . . . . Fosters' complaint fails to plead this count with sufficient particularly in that it contains merely conclusory and vague allegations of misrepresentations made regarding policy coverage. *The complaint should clearly state the facts alleged to have been misrepresented by Allstate, the identity of the person who made the statements, the basis Allstate is bound by the actions of that person, and the basis for concluding plaintiffs' reliance was justified.*
>
> [*Brandow, supra*]

The FAC's negligent misrepresentation cause of action does not meet these requirements. SF only alleges that CCA "represented" that the contributions it recommended were in accordance with the Plan's allocation formula. The FAC does not expand beyond the generalities employed in the original Complaint to describe any specific representation relating to Plan contributions, much less the circumstances of any representation. There is no allegation as to when the alleged representations were made, what reliance was placed upon them, who made them, whether they were oral or in writing, or even the language of the representations

themselves. Without knowing the specific alleged representations on which this claim is based, Defendants are not able to respond to SF's allegations. The negligent misrepresentation cause of action should be dismissed for failure to meet Rule 9(b)'s particularity requirements.

### 2. SF Cannot Show That It Justifiably Relied On CCA's Statements Regarding Conformity To The Plan

SF alleges that CCA represented that the contributions it recommended and/or directed were in accordance with the Plan's allocation formula in that those representations were false because they did not comply with the Plan's allocation formula. SF further alleges that even though it was the plan fiduciary that its retention of CCA excused its duties and made CCA the fiduciary in its stead. Even if the allegations were true, they are still not sufficient to state a claim for negligent misrepresentation. In order to state a claim for negligent misrepresentation, SF must also allege facts sufficient to show that it justifiably relied on CCA's alleged representations.

In its Opposition, SF claims that the decision in *B.L.M. v. Saba & Deitsch*, 55 Cal. App. 4th 823, 836 (1997) is inappropriate. The court in that matter in reviewing the elements of negligent misrepresentation stated unequivocally, "The elements of negligent misrepresentation also include justifiable reliance on the representation, and resulting damage." [at p.342] The decision has been followed by a number of federal courts. *Marks v Ocwen Loan Servicing*, 2007 U.S. Dist. LEXIS 65590 (N.D. Cal. Aug. 21, 2007); *Marks v. Chicoine*, 2007 U.S. Dist. LEXIS 8521 (N.D. Cal. Jan. 18, 2007).

In its Opposition SF further claims that it could justifiably rely on CCA's representations as CCA acted as plan fiduciary in its stead. As noted above, SF was the plan fiduciary and held discretionary control over plan assets. CCA performed ministerial functions and under ERISA cannot be the plan fiduciary. 29 C.F.R. § 2509.75-8(D-2). *John W. Livick v. The Gillette Company, et. al.*, 524 F.3d 24 (1st Cir.

2008)

Inasmuch as SF was a plan fiduciary under ERISA and CCA was not, and since justifiable reliance is required as an element of the tort, SF fails to establish any justifiable reliance on the representations of CCA.

### 3. The Facts Alleged Do Not Support SF's Conclusion That CCA's Representations About Its Abilities Were False

Since the Opposition does not address this contention from the Motion to Dismiss it may be assumed that it has not opposed it.

## III. CONCLUSION

WHEREFORE, for the reasons set forth above, SF's FAC does not state claims for breach of fiduciary duty or negligent misrepresentation. Since SF was already provided the opportunity to amend its complaint, the Court should dismiss SF's breach of fiduciary duty and negligent misrepresentation claims without leave to amend.

DATED: June 24, 2008         LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
Thomas Rittenburg
Attorneys for Defendants JP Morgan
Retirement Services, LLC dba JP Morgan
Compensation and Benefit Strategies, as
Successor in Interest to CCA Strategies, LLC,
and Chicago Actuaries, LLC

# PROOF OF SERVICE
*Shartsis Friese v JP Morgan Chase Co., et al.*
Case No:  **C-08-1064-SC**

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA-SAN FRANCISCO

I am employed in the County of Sacramento, State of California. I am over the age of 18 and not a party to the within action. My business address is 221 N. Figueroa Street, Suite 1200, Los Angeles, CA 90012

On **June 24, 2008**, I served the following document(s) described as **DEFENDANTS' REPLY BRIEF TO PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS FIRST AMENDED COMPLAINT UNDER F.R.C.P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**

I served the document(s) on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

Mary Jo C. Shartsis
Shartsis Friese LLP
One Mreitime Plaza, 18th Floor
San Francisco, CA 94111
PH: 415.421.6500; FX: 415.421.2922

*Counsel for Plaintiff*:
SHARTSIS FRIESE

The documents were served by the following means:

[X]  **(BY U.S. MAIL)** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and I deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid.

[X]  **(BY COURT'S CM/ECF SYSTEM)** Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

[X]  **(FEDERAL)** I declare under penalty of perjury under the laws of the United States of America that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **June 24, 2008**, at Los Angeles, California.

_____
ROSA REZA

4835-4136-6018.1

DEFENDANTS' REPLY BRIEF TO OPPOSITION TO MOTION TO DISMISS