SHARTSIS FRIESE LLP
ARTHUR J. SHARTSIS (Bar #51549)
MARY JO SHARTSIS (Bar #55194)
LISA A. JACOBS (Bar #230364)
One Maritime Plaza, Eighteenth Floor
San Francisco, CA 94111
Telephone: (415) 421-6500
Facsimile: (415) 421-2922
Email:  ashartsis@sflaw.com;
        mjshartsis@sflaw.com
        ljacobs@sflaw.com

Attorneys for Plaintiff
SHARTSIS FRIESE LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SHARTSIS FRIESE LLP,<br><br>Plaintiff,<br><br>v.<br><br>JP MORGAN CHASE & CO., JP MORGAN COMPENSATION AND BENEFIT STRATEGIES as Successor in Interest of CCA STRATEGIES LLC and CHICAGO CONSULTING ACTUARIES, LLC and DOES 1-10,<br><br>Defendants. | Case No. CV 08-1064 (SC)<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:         August 1, 2008<br>Time:        10:30 a.m.<br>Dept:         Courtroom 1, 17th Floor<br>Judge:       The Honorable Samuel Conti<br><br>Complaint Filed:   January 24, 2008 |

Plaintiff Shartsis Friese LLP ("Plaintiff" or "SF") and Defendants JP Morgan Chase & Co. and JP Morgan Retirement Services LLC d/b/a JP Morgan Compensation and Benefit Strategies (collectively, "Defendants" or "JP Morgan") submit the following Joint Case Management Conference Statement.

1. **JURISDICTION & SERVICE:**

Defendants removed this action to Federal Court pursuant to 28 U.S.C. § 1441 based on diversity jurisdiction under 28 U.S.C. § 1332(a)(1). Jurisdiction is proper under 28 U.S.C. § 1332(a)(1) because there is complete diversity between the parties and the amount in controversy

exceeds $75,000. There are no issues as to personal jurisdiction, venue, or service.

2. **FACTS:**

### PLAINTIFF'S STATEMENT OF THE FACTS

This is an action for breach of oral contract, negligence, negligent misrepresentation, breach of fiduciary duties, and declaratory relief arising out of the provision of actuarial and consulting services to Plaintiff in conjunction with Plaintiff's 401(k) plan by CCA Strategies LLC, formerly known as Chicago Consulting Actuaries LLC and collectively referred to as "CCA".

Plaintiff is a limited liability partnership headquartered in San Francisco, California, constituted for the practice of law, and formerly known as Shartsis, Friese & Ginsburg LLP. Plaintiff brings this action on its own behalf and on behalf of its partners or former partners for whose benefit CCA performed the services described below.

Defendant JPMorgan Retirement Services, LLC, doing business as JPMorgan Compensation and Benefit Strategies, ("JPMorgan CBS") is the successor in interest of CCA.

Plaintiff is the sponsor and serves as administrator of the Shartsis, Friese & Ginsburg LLP Profit Sharing/401(k) Plan (the "Plan"), originally adopted in 1989, restated effective July 1, 1999, as amended in 2002 and 2006. From on or about February 13, 2001 through October 2006, Plaintiff retained CCA to assist it in the administration of the Plan by providing required computations, allocations and related consulting services in connection with the Plan.

Tim Mahannah ("Mahannah") was the representative of CCA who advised Plaintiff concerning the Plan. Plaintiff provided Mahannah/CCA with a copy of the Plan as restated in 1999. CCA agreed to review the Plan to advise Plaintiff on maximizing the contributions of the partners and minimizing other expenses consistent with and in compliance with applicable law. CCA also agreed to advise Plaintiff on the maximum amount of partner contributions to be made by each partner consistent with certain limitations on costs to Plaintiff.

CCA, through Mahannah, provided professional advice, computations, valuations and compliance testing regarding the amount of annual contributions and allocations to be made under the Plan by Plaintiff and its partners for the 2000, 2001, 2002, 2003, 2004 and 2005 Plan years.

1  Plaintiff and its partners made contributions to the Plan from 2000 through 2005 in reliance on
2  the specific amounts Mahannah advised. Mahannah represented that the contributions and
3  allocations he directed to be made by Plaintiff and its partners under the Plan for each of its 2000
4  through 2005 Plan years were consistent with the Plan. In fact, Mahannah's directions were not
5  in accordance with the Plan's allocation formula, and therefore the contributions were not in
6  accordance with applicable law. As a consequence, the Plan will lose its tax-favored status unless
7  corrective action acceptable to the IRS is taken. Moreover, Plaintiff has and will continue to
8  suffer damages as a result of CCA's actions.

Plaintiff believes that the principal disputed factual issues may include:

a. Whether CCA was obligated to review the Plan and provide computations, allocations and related consulting services in connection with the Plan.
b. Whether Mahannah read the Plan documents before making the allocations and recommending the amount of contributions to be made.
c. Whether Mahannah represented to SF that the contributions and allocations he directed to be made by SF and its partners under the Plan for each of its 2000 through 2005 Plan years were consistent with the Plan.

## DEFENDANTS' STATEMENT OF THE FACTS

Defendants met with Shartsis Friese in February 2001 when ERISA attorney Barry Sacks introduced CCA to his clients in promoting the new Cash Balance Plan. In place at the time were two defined benefit plans, the 401k and the Profit Sharing Plan ("PSP"). The primary purpose of the meeting was to discuss adopting a new Cash Balance Plan, also referred to as the Partner Parity Plan. During the course of the meeting Sacks proposed that the current PSP be updated by amendment to increase the available annual contributions of the partners to $19,500 plus the 7.5% of their compensation. This would increase the contributions for the top partners to $24,500.

In response, the Shartsis Friese partners present used words such as "no brainer" and "makes sense," leaving Defendants' representatives with the impression that they approved of the

revision. Barry Sacks was to prepare the required paperwork, CCA would do nothing to implement the changes to the Plan documents. CCA would run the nondiscrimination tests to be sure the Plan would meet requirements, which was later done. The only question raised by Shartsis Friese was if they could retroactively increase contributions in early 2001 for the 2000 plan year. Sacks was to address that issue.

In 2001 it was customary for the pension plan administrator not to have a fully executed Plan amendment in his possession to implement the revisions in the analysis and completion of the pension plan forms and records. CCA assumed given the acknowledgments at the meeting that Shartsis Friese approved of these revisions, an assumption later ratified by Plaintiff's conduct. In 2001 CCA was provided electronic data from Susan Wallin at Shartsis Friese that affirmed the revisions since the top contribution shown was $24,500. Wallin did so again in 2002 for the 2001 plan year. Wallin's use of the numbers further confirmed CCA's understanding that the revisions had been adopted. Each year CCA provided Shartsis Friese with a Compliance Report describing the allocation formula used as that of the proposed revisions.

Furthermore, the Shartsis Friese plan was probably a product of Vanguard or something attorney Sacks drafted based on the Vanguard plans. In any event, each year Wallin sent to CCA copies of the compensation and contribution data submitted to Vanguard and approved by Vanguard before sending it to CCA. Therefore, Vanguard also acted with the belief that the revisions had been adopted.

3.  **LEGAL ISSUES:**

Plaintiff believes that the principal legal issues may include:

a.  Whether CCA breached its contract with SF.
b.  Whether CCA was negligent in its performance of professional services for SF.
c.  Whether CCA made negligent misrepresentations to SF.

      d.    Whether CCA breached fiduciary duties to SF.

Defendants believe that the principal legal issues may include:

      a.    Whether SF was contributorily negligent.

      b.    Whether others were comparatively liable as agents of SF.

      c.    Whether the damages alleged were proximately caused by CCA or by SF.

**4.   MOTIONS:**

Defendants' Motion to Dismiss Plaintiff's First Amended Complaint has been submitted and is pending before the Court.

The parties anticipate filing a stipulated request for a Protective Order shortly.

The parties expect to file motions for summary adjudication and/or judgment.

**5.   AMENDMENT OF PLEADINGS:**

To the extent necessary, Plaintiff intends to amend the pleadings in accordance with the Court's decision on the pending motion to dismiss.

**6.   EVIDENCE PRESERVATION:**

The parties have taken steps to preserve evidence and to restore electronically-recorded material to the extent possible.

**7.   DISCLOSURES:**

The parties made their initial disclosures on or prior to May 22, 2008.

**8.   DISCOVERY:**

No discovery has been taken to date.

    a.  <u>Subjects</u>:

The parties anticipate taking discovery with respect to CCA's obligations to SF, representations made by CCA to SF, and whether Mahannah read the Plan before advising SF regarding allocations and contributions to be made under the Plan.

    b.  <u>Whether discovery should be phased or limited to / focused on particular issues:</u>

The parties believe that discovery should be phased. The initial phase of discovery will include taking the deposition of Mahannah. The parties will evaluate whether and to what extent further discovery is necessary following the deposition of Mahannah.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

    c. <u>Whether e-discovery issues are anticipated:</u>

The parties do not anticipate any e-discovery issues.

    d. <u>Whether there are any privilege/protection issues:</u>

The parties do not anticipate any privilege issues. The parties have agreed that due to the highly confidential information contained in the discoverable documents, including the names and social security numbers of SF partners and staff, a Protective Order will be necessary. The parties anticipate filing a stipulated request for a Protective Order shortly. The parties have further agreed that any documents produced prior to the entry of the Protective Order will be subject to provisions of the Protective Order ultimately entered.

    e. <u>Whether there should be any changes or additions to the discovery rules:</u>

The parties do not believe any changes or additions to the discovery rules are required.

    f. <u>Whether any other orders pursuant to Fed. Civ. P. Rules 26(c), 16(b) or 16(c):</u>

The parties anticipate filing a stipulated request for a Protective Order.

**9. CLASS ACTIONS:**

This case is not a class action.

**10. RELATED CASES:**

None.

**11. RELIEF:**

Plaintiff seeks damages to compensate it for the costs of the corrective action it will have to take as a result of CCA's errors, as well as for losses of retirement benefits for partners and other participants in the Plan if the Plan loses its tax-favored status. Plaintiff is still investigating, but currently believes the costs of the corrective action to be approximately $1.3 million, plus experts', consultants', and attorneys' fees incurred in taking the corrective action. Further investigation is necessary to determine the amount of damages that will be suffered if the Plan loses its tax-favored status, but Plaintiff believes the damages if that were to occur would likely be several million dollars.

**12. SETTLEMENT AND ADR:**

The parties discussed the possibility of settlement and have agreed that Mahannah's

testimony is required for further discussions to be fruitful. Accordingly, the parties believe that any settlement discussions or ADR proceedings should be deferred until after Mahannah is deposed.

The parties have agreed to private mediation and will comply with ADR Local Rule 3-5.

### 13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES:

The parties do not consent to trial before a Magistrate Judge.

### 14. OTHER REFERENCES:

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 15. NARROWING OF ISSUES:

The parties do not believe that the issues can be narrowed by agreement or by motion at this time; nor do they believe that a narrowing of the issues is necessary to expedite the presentation of evidence at trial. The parties do not request that any issues, claims, or defenses be bifurcated.

### 16. EXPEDITED SCHEDULE:

The parties do not believe an expedited schedule is necessary.

### 17. SCHEDULING:

The parties have agreed to the following proposed schedule:

| | |
|---|---|
| Initial Disclosures Completed: | May 22, 2008 |
| Fact discovery closes: | March 27, 2009 |
| Primary Expert Disclosures and Reports Due: | March 27, 2009 |
| Rebuttal Expert Disclosures and Reports Due: | April 24, 2009 |
| Expert Discovery closes: | May 15, 2007 |
| Pretrial Disclosures Due: | May 29, 2009 |
| Last Date to File Dispositive Motions: | May 29, 2009 |
| Pretrial Conference: | June 22, 2009 |
| Trial: | June 29, 2009 |

18. **TRIAL:**

This case will be tried to a jury. The parties anticipate that the trial will last five (5) days.

19. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS:**

Plaintiff filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16 on May 15, 2008. As stated in the certification, Plaintiff believes that the following listed persons (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: Arthur J. Shartsis; Robert C. Friese; Mary Jo Shartsis; Douglas L. Hammer; John P. Broadhurst; David H. Kremer; Charles R. Rice; Anthony B. Leuin; Tracy L. Salisbury; Jeffrey A. O'Connell; Robert E. Schaberg; Ronald H. Malone; Joel Zeldin; Jonathan M. Kennedy; Zesara C. Chan; Geoffrey W. Haynes; Christopher J. Rupright; Carolyn S. Reiser; Derek H. Wilson; Robert C. Ward; James P. Martin; Jahan P. Raissi; Frank A. Cialone; Neil J. Koren; Alan J. Robin; P. Rupert Russell; James J. Frolik, and Erick C. Howard.

Defendants filed their "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16 on February 25, 2008. As stated in the certification, Defendants believe that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: JPMorgan Retirement Plan Services LLC (Defendant JPMorgan Compensation and Benefit Strategies is a d/b/a of JPMorgan Retirement Plan Services LLC); and JPMorgan Investment Holdings, LLC (sole member of JPMorgan Retirement Plan Services LLC).

20. **OTHER:**

None.

| | | |
|---|---|---|
| 1 | DATED: July 18, 2008 | SHARTSIS FRIESE LLP |
| 2 | | |
| 3 | | By: /s/ Jacobs |
| 4 | | LISA A. JACOBS<br>Attorneys for Plaintiff<br>SHARTSIS FRIESE LLP |
| 5 | DATED: July __, 2008 | LEWIS BRISBOIS BISGAARD & |
| 6 | | SMITH LLP |
| 7 | | |
| 8 | | By: _____ |
| 9 | | THOMAS J. RITTENBURG<br>Attorneys for Defendant |
| 10 | | JP MORGAN CHASE & CO. AND JP<br>MORGAN RETIREMENT SERVICES LLC |

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

Case No.:
CV 08-1064 (SC)    - 8 -    JOINT CASE MANAGEMENT CONFERENCE STATEMENT

| | | |
|---|---|---|
| 1 | DATED: July __, 2008 | SHARTSIS FRIESE LLP |
| 2 | | |
| 3 | | By: _____ |
| 4 | | LISA A. JACOBS<br>Attorneys for Plaintiff<br>SHARTSIS FRIESE LLP |
| 5 | DATED: July 17, 2008 | LEWIS BRISBOIS BISGAARD &<br>SMITH LLP |
| 6 | | |
| 7 | | |
| 8 | | By: _____/s/_____ |
| 9 | | THOMAS J. RITTENBURG<br>Attorneys for Defendant<br>JP MORGAN CHASE & CO. AND JP<br>MORGAN RETIREMENT SERVICES LLC |

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111