United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARTSIS FRIESE LLP, | Case No. 08-1064 SC |
| Plaintiff, | |
| v. | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS |
| JP MORGAN RETIREMENT SERVICES, LLC dba JP MORGAN COMPENSATION AND BENEFIT STRATEGIES as Successor in Interest of CCA STRATEGIES LLC and CHICAGO CONSULTING ACTUARIES, LLC and DOES 1-10, | |
| Defendants. | |

## I. INTRODUCTION

This matter comes before the Court on the Motion to Dismiss ("Motion") filed by the defendants JP Morgan Retirement Services, LLC, dba JP Morgan Compensation and Benefit Strategies ("JP Morgan"), as successor in interest to CCA Strategies LLC and Chicago Consulting Actuaries LLC ("CCA") (collectively "Defendants" or "JP Morgan"). Docket No. 20. The plaintiff Shartsis Friese LLP ("Plaintiff" or "SF") submitted an Opposition and Defendants filed a Reply. Docket Nos. 24, 25. For the reasons stated herein, Defendants' Motion is GRANTED IN PART and DENIED IN PART.

## II. BACKGROUND

According to the First Amended Complaint ("FAC"), SF is a limited liability partnership constituted for the practice of law and headquartered in San Francisco. FAC, Docket No. 17, ¶ 1. Defendant JP Morgan is the successor in interest of CCA and acquired CCA in approximately November 2006. Id. ¶¶ 2, 3. CCA, as a business, provided consulting, administrative and actuarial services and advice in connection with, among other things, retirement plans, including profit sharing and 401(k) plans. Id. ¶ 2. SF is the sponsor and serves as administrator of the Shartsis, Friese & Ginsburg LLP Profit Sharing/401(k) Plan ("the Plan"). Id. ¶ 6. Beginning February 2001, and lasting through October 2006, SF retained CCA to assist in the administration of the Plan by providing necessary computations, allocations and related consulting services. Id. In particular, CCA was retained by SF to advise it regarding the optimum manner in which SF could maximize its partners' contributions to the Plan, minimize costs to SF, and remain in compliance with the applicable laws. Id. ¶¶ 6-8.

According to the agreement between SF and CCA, CCA representative Tim Mahannah ("Mahannah") provided SF with the specific amounts for partner and non-partner contributions to the Plan, as well as computations, valuations, and compliance testing. Id. ¶¶ 8-9. Mahannah represented to SF that the specific contributions and allocations he directed be made by SF and its partners to the Plan from 2000 through 2005 were consistent with the Plan. Id. As it turns out, however, Mahannah's advice and

2

directions were not in accordance with the Plan's allocation formula and the contributions were therefore not in compliance with the applicable law. Id. ¶ 10. As a result, the Plan has lost or will lose its tax-favored exempt status unless corrective action acceptable to the IRS is taken. Id. ¶ 11. Loss of the Plan's tax-favored status may have significant financial implications for SF and all of the Plan participants, and may result in substantial loss of retirement benefits for partners and other Plan participants. Id. As a result, SF filed the instant action against JP Morgan, alleging breach of oral contract, negligence, negligent representation, breach of fiduciary duty, and declaratory relief. Id. ¶¶ 15-36. Defendants now move to dismiss SF's claims for negligent representation and breach of fiduciary duty.

### III. DISCUSSION

#### A. Legal Standard

A Federal Rule of Civil Procedure 12(b)(6) motion to dismiss tests the sufficiency of the complaint. Dismissal pursuant to Rule 12(b)(6) is appropriate if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). For purposes of such a motion, the complaint is construed in the light most favorable to the plaintiff and all properly pleaded factual allegations are taken as true. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Everest & Jennings, Inc. v. Am. Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir. 1994). All

3

1 reasonable inferences are to be drawn in favor of the plaintiff.
2 Id.  Unreasonable inferences or conclusory legal allegations cast
3 in the form of factual allegations, however, are insufficient to
4 defeat a motion to dismiss.  W. Mining Council v. Watt, 643 F.2d
5 618, 624 (9th Cir. 1981).

**B.   Analysis**

1.   Negligent Representation

Defendants assert various theories for why Plaintiff's negligent representation claim is defective.  The Court addresses each in turn.

a.   Rule 9(b) Particularity

The parties dispute whether Rule 9(b)'s heightened pleading requirement applies to claims for negligent misrepresentation. Although Plaintiff's position that Rule 9(b) does not apply finds some support in this Circuit, see, e.g., In Re Heritage Bond Litigation, 289 F. Supp. 2d 1132 (C.D. Cal. 2003); Mills v. Ramona Tire, Inc., No. 07-0052, 2007 WL 4277537, at *3(S.D. Cal. Dec. 5, 2007) (stating "Rule 9(b) ordinarily would not apply to a claim for negligent misrepresentation"), the majority of the district courts in this Circuit who have addressed this issue have held that negligent misrepresentation claims are in fact subject to Rule 9(b)'s heightened pleading requirements.  See Deitz v. Comcast Corp., No. 06-6352, 2006 WL 3782902, at *6 (N.D. Cal. Dec. 21, 2006) (collecting cases).  Nonetheless, the Court need not decide this issue because even assuming, arguendo, that claims for negligent misrepresentation must meet the heightened pleading standard of Rule 9(b), Plaintiff has satisfied that burden.

4

Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations. Neubronner v. Milken, 6 F.3d 666, 671 (9th Cir. 1993). In addition, allegations of fraud must be accompanied by "the who, what, when, where, and how of the misconduct charged." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003).

In the FAC, SF alleges that in March 2001, Mahannah represented in writing to SF employee Susan Wallin the "specific amount each partner at SF could contribute to the Plan [for the year 2000] with the knowledge and expectation that she would communicate that amount to SF's partners and that they would rely on it." FAC ¶ 27. SF further alleges that "Mahannah represented in writing the specific maximum amount each partner could contribute to the Plan each year thereafter for Plan years 2001, 2002, 2003, 2004 and 2005 in or about March of the succeeding year . . . ." Id. These allegations are more than enough to put Defendants on notice and permit them to prepare an adequate answer. See Neubronner, 6 F.3d at 671. In addition, the allegations describe the "who, what, when, where and how of the misconduct charged." Vess, 317 F.3d at 1106. Accordingly, SF's claim for negligent misrepresentation survives Defendants' Rule 9(b) challenge.

///

5

### b. Reliance

Defendants also argue that SF has failed to allege sufficient facts to demonstrate that SF justifiably relied on CCA's representations. In support of this argument, Defendants assert that because SF was acting as one of the Plan's fiduciaries pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1101 et seq., SF "cannot reasonably argue that it was so ignorant of the Plan's provisions that it was unable to determine if, on their face, CCA's recommendations were in accordance with the Plan." Mot. at 8.

As SF's FAC makes clear, SF retained CCA for the express purpose of providing SF with expert advice regarding the maximum contributions that legally could be made to the Plan. Although SF, as a fiduciary, was required to discharge its duties "in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of" ERISA, 29 U.S.C. § 1104(a)(1)(D), the level of care and skill SF was required to use was that of "a prudent man acting in a like capacity and familiar with such matters . . . ." Id. § 1104(a)(1)(B). In light of these standards and the facts alleged in the FAC, the Court finds that SF sufficiently alleged justifiable reliance for its negligent misrepresentation claim. Defendants' remaining arguments in support of its Motion to Dismiss SF's negligent misrepresentation claim are equally unavailing and the Motion with respect to this claim is DENIED.

///
///

6

2. <u>Breach of Fiduciary Duty</u>

Defendants also move to dismiss SF's claim for breach of fiduciary duty. "A fiduciary relationship is any relation existing between parties to a transaction wherein one of the parties is [] duty bound to act with the utmost good faith for the benefit of the other party." <u>Wolf v. Super. Ct.</u>, 107 Cal. App. 4th 25, 30 (Ct. App. 2003) (internal quotation marks omitted). Such a relation ordinarily arises "when confidence is reposed by persons in the integrity of others, and if the latter voluntarily accepts or assumes to accept the confidence, he or she may not act so as to take advantage of the other's interest without that person's knowledge or consent." <u>Pierce v. Lyman</u>, 1 Cal. App. 4th 1093, 1101-02 (Ct. App. 1991). "Traditional examples of fiduciary relationships in the commercial context include trustee/beneficiary, directors and majority shareholders of a corporation, business partners, joint adventurers, and agent/principal." <u>Wolf</u>, 107 Cal. App. 4th at 30. Furthermore, "California law is that parties to a contract, by that fact alone, have no fiduciary duties toward one another." <u>Rickel v. Schwinn Bicycle Co.</u>, 144 Cal. App. 3d 648, 655 (Ct. App. 1983).

In the instant action, SF has failed to allege "enough facts to state a claim to relief that is plausible on its face" for breach of a fiduciary duty. <u>Twombly</u>, 127 S. Ct. at 1974. SF has not pled facts that would give rise to any of the traditional fiduciary relationships. Nor has SF provided a plausible alternative theory under which CCA would owe SF a fiduciary duty. Defendants' Motion to Dismiss this claim is therefore GRANTED. As

7

it is unclear whether amendment may cure this defect, this claim is dismissed without prejudice and SF may amend said claim within 30 days.

### IV. CONCLUSION

For the reasons stated above, the Court GRANTS in part and DENIES in part Defendants' Motion to Dismiss. With respect to SF's claim for negligent misrepresentation, Defendants' Motion is DENIED. With respect to SF's claim for breach of fiduciary duty, Defendants' Motion is GRANTED without prejudice and SF may file an amended claim within 30 days.

IT IS SO ORDERED.

Dated: August 1, 2008

_____
UNITED STATES DISTRICT JUDGE