Lewis Brisbois Bisgaard & Smith, LLP
THOMAS RITTENBURG (SBN 108090)
rittenbu@lbbslaw.com
221 N. Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: (213) 250.1800
Facsimile: (213) 250.7900

Attorneys for Defendants
JP Morgan Retirement Services, LLC
dba JP Morgan Compensation and Benefit Strategies,
as Successor in Interest to CCA Strategies, LLC,
and Chicago Actuaries, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SHARTSIS FRIESE LLP,<br><br>Plaintiff,<br><br>v.<br><br>JP MORGAN CHASE & CO., JP MORGAN COMPENSATION AND BENEFIT STRATEGIES as Successor in Interest of CCA STRATEGIES LLC and CHICAGO CONSULTING ACTUARIES, LLC and DOES 1-10,<br><br>Defendants. | No. C 08-01064 SC<br>Hon. Samuel Conti<br><br>ANSWER TO FIRST AMENDED COMPLAINT |

TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

COMES NOW Defendant JP Morgan Retirement Services, LLC dba JP Morgan Compensation and Benefit Strategies, as Successor in Interest to CCA Strategies, LLC, and Chicago Actuaries, LLC (hereinafter "JPM") for itself alone, hereby answers plaintiff's First Amended Complaint as follows:

///

///

4818-2460-2114.1

**"Parties"**

1. JPM lacks sufficient information or belief to admit or deny the allegations of paragraphs 1 and 4 and on that basis denies them.

2. JPM admits the allegations of paragraph 3.

3. Responding to paragraph 2, JPM admits that it is the successor of CCA Strategies, Inc. and that it provided third party administrative services in the administration of ERISA plans to clients in the Bay Area, but denies the rest of the allegations in the paragraph.

**"Facts"**

4. JPM admits the allegations of paragraph 5,

5. Responding to paragraph 6, JPM admits that it from 2000 to late 2006 it was retained by Plaintiff to act as a third party administrator for the qualified pension plans of Plaintiff, that it recommended the adoption of a cash balance plan proposed and designed by Plaintiff's ERISA lawyer, that the Plaintiff was the plan administrator and sponsor of the subject pension plans, and that Plaintiff sought its advice on the administration of the subject pension plans, but denies the rest of the allegations contained therein.

6. Responding to paragraph 7, JPM admits that it had the experience to provide third party administration services in a competent and professional manner but denies the rest of the allegations contained therein.

7. Responding to paragraph 8, JPM admits that Tim Mahannah was one of its employees working with Plaintiff and Plaintiff's lawyers in providing ordinary third party administrative services, that it was consulted by Plaintiff regarding Plaintiff's administration of its pension plans, and that JPM relied on the representations, advice, and information provided by Plaintiff in its communications with Plaintiff about Plaintiff's pension plans, but denies the rest of the allegations contained therein.

8.  Responding to paragraph 9, JPM provided responses to information provided by the plan administrator reflecting JPM's understanding of the pension plan based on the representations of Plaintiff but lacks sufficient information or belief to admit or deny the allegations of paragraph 9 and on that basis denies them.

9.  Responding to paragraph 10, JPM provided responses to information provided by the plan administrator reflecting JPM's understanding of the pension plan based on the representations of Plaintiff but denies the rest of the allegations of paragraph 10.

10.  JPM denies the allegations of paragraph 11.

11.  Responding to paragraph 12, JPM denies that Mahannah admitted to any negligent act or omission, and lacks sufficient information or belief to respond to the remaining allegations and must therefore deny them.

12.  Responding to paragraph 13, JPM denies that Mahannah admitted to any negligent act or omission, admits that JPM denies any responsibility for the losses alleged, but otherwise denies the remaining allegations of the paragraph.

13.  JPM denies the allegations of paragraph 14.

**First Cause of Action**

14.  Responding to paragraph 15, JPM incorporates by reference its responses to the allegations of paragraphs 1 through 14 as if set forth here in full.

15.  Responding to paragraph 16, JPM admits that it orally agreed to serve as third party administrator for the Plaintiff's pension plans but lacks sufficient information to admit or deny the other allegations of paragraph 16 and on that basis denies them.

16.  Responding to paragraph 17, JPM admits it agreed to provide consultation and ordinary third party administration for the plan administrator, but otherwise denies the allegations of paragraph 17.

17.  Responding to paragraph 18, JPM admits that Plaintiff paid certain fees

but otherwise denies the allegations of paragraphs 18, 19, and 20.

**Second Cause of Action**

18.　Responding to paragraph 21, JPM incorporates by reference its responses to the allegations of paragraphs 1 through 20 as if set forth here in full.

19.　Responding to paragraph 22, JPM admits that it agred to provide ordinary third party administration to the plan administrator but otherwise denies the allegations of paragraph 22.

20.　JPM denies the allegations of paragraphs 23 and 24.

**Third Cause of Action**

21.　Responding to paragraph 21, JPM incorporates by reference its responses to the allegations of paragraphs 1 through 24 as if set forth here in full.

22.　Responding to paragraph 25, JPM admits that Susan Wallin sent data concerning the partner's annual contributions, census data, and results from Vanguard's calculations to JPM, but denies the rest of the allegations contained therein.

23.　Responding to paragraph 26, JPM incorporates by reference its responses to the allegations of paragraphs 8 and 10 as if set forth here in full, admits that it acted in reliance on the representations and data provided by the Plaintiff, its agents, lawyers, and plan administrators, but otherwise denies the allegations contained therein. .

24.　Responding to paragraph 27, JPM admits that based on the representations made by Plaintiff, its agents and lawyers, and on the data sent by Wallin and Vanguard JPM confirmed the annual contributions to be made but denies the rest of the allegations contained therein.

25.　JPM denies the allegations of paragraphs 28 and 29.

**Fourth Cause of Action**

26. This Cause of Action was dismissed without prejudice subject to filing an amended pleading by the Plaintiff within thirty days of August 1, 2008. Since Plaintiff did not file such a pleading the Cause of Action is stricken.

**Fifth Cause of Action**

27. Responding to paragraph 34, JPM incorporates by reference its responses to the allegations of paragraphs 1 through 33 as if set forth here in full.

28. JPM denies the allegations of paragraphs 35 and 36.

**Prayer for Relief**

29. Responding to the Prayer for Relief, JPM denies each claim asserted therein.

In addition to the foregoing admissions and denials, Hartford asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Cause of Action)**

30. The Complaint, and each and every claim for relief alleged therein, fails to state facts sufficient to constitute a claim for relief. Specifically, the Complaint is barred by ERISA.

///
///
///

## SECOND AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

31. If plaintiff sustained any damages as alleged in its Complaint, that damage was proximately caused and/or contributed to by its failure to mitigate their damages. Plaintiff's failure to mitigate damages diminishes or bars recovery herein by plaintiff.

## THIRD AFFIRMATIVE DEFENSE
### (Waiver and Release)

32. Plaintiff has knowingly waived and released all claims against JPM asserted in this action by reason of its own acts, omissions and conduct, or that of its agents, upon which JPM relied to its prejudice and detriment.

## FOURTH AFFIRMATIVE DEFENSE
### (Estoppel)

33. Plaintiffs are equitably estopped from asserting each and all of the purported claims in the Complaint by reason of its own acts, omissions and conduct and those of its agents, upon which JPM relied to its prejudice and detriment.

## FIFTH AFFIRMATIVE DEFENSE
### (Intervening and Superseding Causation)

34. The damages referred to in the Complaint, and each and every purported cause of action contained therein, were proximately caused or contributed to by the negligence of persons and/or entities other than JPM in failing to exercise the proper care which a prudent person under the same or similar circumstances would have exercised, and/or by the wrongful acts of persons and/or entities other than JPM, and if JPM acted in any manner negligently or wrongfully (which supposition is made only for the purpose of this defense, without admitting the same to be the fact), the

aforesaid negligence and/or wrongful acts of persons and/or entities other than JPM constituted an intervening and superseding cause of the damages alleged in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE
### (Contributory/Comparative Negligence)

35. The injuries, damages, and losses referred to in the Complaint were proximately caused and contributed to by negligent representations, fraud, suppression, or other wrongful conduct on the part of Plaintiff and/or its agents herein; and if JPM acted in a negligent or wrongful manner (which supposition is made only for the purpose of this defense without admitting the same to be true), the aforesaid negligent and/or wrongful acts of Plaintiffs and/or its agents contributed to the damages alleged in this Complaint, and in each and every cause of action alleged therein, and Plaintiff's damages, if any, should be reduced by an appropriate percentage.

## SEVENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

36. Plaintiff is barred from asserting each and every purported cause of action in the Complaint and from otherwise asserting any rights against JPM by reason of the unconscientious and inequitable acts, omissions, representations, and course of conduct of Plaintiff and/or its agents, which amount to unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE
### (Assumption of Risk)

37. Any damages, injuries or losses sustained by Plaintiff were caused by risks of which it were well aware and understood and voluntarily assumed upon itself.

## NINTH AFFIRMATIVE DEFENSE
## (Misconduct of Others)

38. The damages alleged in the Complaint, if any, were proximately caused by the acts and/or omissions of persons, entities, and/or entities other than JPM and over which JPM had no control.

## TENTH AFFIRMATIVE DEFENSE
## (Apportionment of Fault)

39. If Plaintiff sustained any damages as alleged in the Complaint, such alleged damages were caused solely or in part by the negligent acts, or wrongful conduct of other persons and each of them, and if so, the appropriate percentage of damage should be apportioned among the parties so responsible.

## ELEVENTH AFFIRMATIVE DEFENSE
## (Indemnification)

40. JPM alleges that all of the acts and/or omissions alleged in the Complaint were solely, entirely, and fully those of other parties named or unnamed herein other than JPM, and that therefore such parties are fully and solely liable to Plaintiffs and that JPM is entitled to total or complete indemnification from such parties, including, but not limited to, any and all damages, costs, and attorney's fees that may be sustained as a result of the Complaint.

## TWELFTH AFFIRMATIVE DEFENSE
## (Set-Off)

41. Plaintiff's alleged damages have been set off by profits, benefits, and payments received by Plaintiff.

///
///

ANSWER TO FIRST AMENDED COMPLAINT

WHEREFORE, Defendant prays as follows:

1. That plaintiff take nothing by virtue of the Complaint on file herein;
2. That judgment be entered in favor of JPM;
3. For costs of suit incurred herein;
4. For such other and further relief as the Court deems just and proper.

DATED: September 4, 2008    LEWIS BRISBOIS BISGAARD & SMITH LLP

By: /s/ Thomas Rittenburg
Thomas Rittenburg
Attorneys for Defendant JP Morgan Retirement Services, LLC dba JP Morgan Compensation and Benefit Strategies, as Successor in Interest to CCA Strategies, LLC, and Chicago Actuaries, LLC

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

## DEMAND FOR JURY TRIAL

PLEASE BE ADVISED that Defendant JPM herewith demands a jury trial in this matter.

DATED: September 4, 2008   LEWIS BRISBOIS BISGAARD & SMITH LLP

By _____
THOMAS RITTENBURG
Attorneys for Defendant JP Morgan Retirement Services, LLC dba JP Morgan Compensation and Benefit Strategies, as Successor in Interest to CCA Strategies, LLC, and Chicago Actuaries, LLC

# PROOF OF SERVICE
*Shartsis Friese v JP Morgan Chase Co., et al.*
Case No: **C-08-1064-SC**

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

I am employed in the County of Sacramento, State of California. I am over the age of 18 and not a party to the within action. My business address is 221 N. Figueroa Street, Suite 1200, Los Angeles, CA 90012

On **September 4, 2008**, I served the following document(s) described as **ANSWER TO FIRST AMENDED COMPLAINT**

I served the document(s) on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

SHARTSIS FRIESE LLP
Mary Jo C. Shartsis, Esq.
Arthur Joel Shartsis, Esq.
Lisa Ann Jacobs, Esq.
One Maritime Plaza, 18th Floor
San Francisco, CA 94111
PH: 415.421.6500; FX: 415.421.2922
Email: mjs@sfglaw.com
ashartsis@sflaw.com
ljacobs@sflaw.com

*Counsel for Plaintiff*:
SHARTSIS FRIESE

The documents were served by the following means:

[ ] **(BY U.S. MAIL)** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and I deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid.

[X] **(BY COURT'S CM/ECF SYSTEM)** Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

[X] **(FEDERAL)** I declare under penalty of perjury under the laws of the United States of America that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **September 4, 2008**, at Los Angeles, California.



ROSA REZA

4818-2460-2114.1