United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARTSIS FRIESE LLP,<br><br>            Plaintiff,<br><br>     v.<br><br>JP MORGAN CHASE & CO., JP MORGAN RETIREMENT SERVICES, LLC dba JP MORGAN COMPENSATION AND BENEFIT STRATEGIES as Successor in Interest of CCA STRATEGIES LLC and CHICAGO CONSULTING ACTUARIES, LLC and DOES 1-10,<br><br>            Defendants. | Case No. 08-1064 SC<br><br>ORDER DENYING DEFENDANTS' MOTION <u>FOR SUMMARY JUDGMENT</u> |

### I. **INTRODUCTION**

This matter comes before the Court on the Motion for Summary Judgment ("Motion") filed by Defendants JP Morgan Chase & Co. and JP Morgan Retirement Services, LLC, dba JP Morgan Compensation and Benefit Strategies (collectively "JP Morgan"). Docket No. 47. JP Morgan is the successor in interest to CCA Strategies LLC, and Chicago Consulting Actuaries, LLC (collectively "CCA"). <u>See</u> Am. Answer ¶ 3, Docket No. 44. Plaintiff Shartsis Friese LLP ("Plaintiff" or "SF") submitted an Opposition and JP Morgan filed a Reply. Docket Nos. 57, 66. For the reasons stated herein, JP

Morgan's Motion is DENIED.

## II. BACKGROUND

SF is a limited liability partnership constituted for the practice of law and headquartered in San Francisco. First Am. Compl. ("FAC"), Docket No. 17, ¶ 1. Defendant JP Morgan is the successor in interest of CCA and acquired CCA in approximately November 2006. Id. ¶¶ 2, 3. CCA provided consulting, administrative and actuarial services and advice in connection with, among other things, retirement plans, including profit sharing and 401(k) plans. Id. ¶ 2. SF is the sponsor and serves as administrator of the Shartsis, Friese & Ginsburg LLP Profit Sharing/401(k) Plan (the "Plan"). Id. ¶ 6. Beginning February 2001, and lasting through October 2006, SF retained CCA to assist in the administration of the Plan by providing necessary computations, allocations and related consulting services. Id. In particular, CCA was retained by SF to advise it regarding the optimum manner in which SF could maximize its partners' contributions to the Plan, minimize costs to SF, and remain in compliance with applicable laws. Id. ¶¶ 6-8.

According to the agreement between SF and CCA, CCA representative Tim Mahannah ("Mahannah") provided SF with the specific amounts for partner and non-partner contributions to the Plan, as well as computations, valuations, and compliance testing. Id. ¶¶ 8-9. As it turns out, Mahannah's advice and directions were not in accordance with the Plan's allocation formula and the contributions were therefore not in compliance with the applicable

2

law.  Id. ¶ 10.  As a result, the Plan could lose its tax-favored exempt status unless SF takes corrective action acceptable to the IRS.  Id. ¶ 11.  Loss of the Plan's tax-favored status may have significant financial implications for SF and all of the Plan participants, and may result in substantial loss of retirement benefits for partners and other Plan participants.  Id.

As a result, SF filed the instant action against JP Morgan, alleging breach of oral contract, negligence, negligent misrepresentation, breach of fiduciary duty, and declaratory relief.  Id. ¶¶ 15-36.  The Court previously dismissed SF's claim for breach of fiduciary duty, but declined to dismiss the negligent misrepresentation claim.  Docket No. 34.  JP Morgan now moves for summary judgment as to all of SF's remaining claims.

### III. LEGAL STANDARD

Entry of summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  "A moving party without the ultimate burden of persuasion at trial . . . has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment."  Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000).  The moving party has the burden of persuading the Court that there is no issue of material fact, and if the moving party fails to do this, then "the nonmoving party has no obligation to produce anything, even if the

3

1  nonmoving party would have the ultimate burden of persuasion at
2  trial."  Id.  "The evidence of the nonmovant is to be believed,
3  and all justifiable inferences are to be drawn in his favor."
4  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

**IV.  DISCUSSION**

JP Morgan contends that the suit is barred by the statute of limitations.[1]  Mot. at 12-15.  The statute of limitations begins to run when a plaintiff knew or should have known of an alleged wrong.  See Cal. Civ. Proc. Code §§ 338(d), 339; Norgart v. Upjohn Co., 21 Cal. 4th 383, 397 (1999).  The question of whether a party should have known of the accrual of a statute of limitations is a mixed question of law and fact.  See Kingman Reef Atoll Invs., L.L.C. v. United States, 541 F.3d 1189, 1195 (9th Cir. 2008).  According to JP Morgan, the statute of limitations period started to run in 2001, and expired years before this suit was filed in January of 2008.  See Notice of Removal, Docket No. 1, Ex. A.

SF actually discovered that Mahannah's calculations were in error in early 2007.  Mot. at 4; Opp'n at 1-2.  JP Morgan does not allege any particular sign or "red flags" that should have alerted SF of the errors before this time.  Instead, it argues that SF "should have known" of the errors sooner because SF was designated as the Plan Administrator.  Mot. at 14-15; FAC ¶ 6.  As such, SF

---

[1] SF's oral contact, professional negligence, and declaratory judgment claims are limited by a two-year statute of limitations.  See Cal. Civ. Proc. Code § 339.  SF's negligent misrepresentation claim is limited by a three-year statute of limitations.  Id. § 338(d).

4

had numerous fiduciary duties to Plan beneficiaries, which it was required to discharge "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use . . . ." 29 U.S.C. § 1104. According to JP Morgan, had SF performed its fiduciary duties, which include familiarizing itself with the Plan, it would have easily detected Mahannah's error. Id. The question of when SF should have known of the error therefore depends on how obvious or technical the error was, and whether a reasonable fiduciary would have caught it.

JP Morgan contends that the error in question was relatively simple. See Mot. at 4. Although the parties discuss several errors that Mahannah allegedly made, both parties focus on his mistaken use of a three-tiered formula to calculate allocations and contributions, rather than a single-tiered formula as required by the Plan. See Id.; Opp'n at 3. The Plan had a uniform formula for calculating Plan contributions and allocations for all participants. Id. However, Mahannah applied a different formula for partners, of counsel, and staff instead of the uniform formula. Id. At the time, SF employees also believed that the Plan called for a three-tiered formula. See Mot. Ex. K (Feasby Dep. Excerpts) at 18:3-19:08; 24:24-25:22.[2] SF does not contest JP Morgan's basic description of Mahannah's errors, but it characterizes the formula as complicated and confusing, and requiring expert interpretation. Opp'n at 7. SF contends that

---

[2] Paul Feasby ("Feasby") is SF's Chief Operating Officer. Mot. at 2.

5

the errors were therefore difficult to detect by SF's lay employees. Id. Andrew Ferguson, Mahannah's partner who eventually caught the error, stated in deposition that he would not have necessarily expected SF's employees to understand whether the Plan called for a tiered system. See Jacobs Decl. Ex. 3 (Ferguson Dep. Excerpts) at 107:1-108:20.[3]

The Court is not persuaded that, as a matter of law, SF "should have known" that Mahannah's calculations were in error. Based on the record before it, the Court cannot say with the level of certainty required for summary judgment that a non-expert prudent person familiar with this Plan should have known that the three-tiered formula was in error. SF characterizes the relevant aspects of the Plan as technical and complex, while JP Morgan suggests that they are simple and obvious. After reviewing the Plan and the record, the Court finds that this is an issue upon which reasonable minds could differ, and in the context of JP Morgan's Motion, the Court must defer to SF. See Anderson, 477 U.S. at 255.[4]

In arguing that SF "should have known" of the error, JP Morgan attempts to show that SF breached its fiduciary duties to its beneficiaries by not knowing. Mot. at 16-21. It points out

---

[3] Lisa Jacobs, counsel for SF, filed a declaration in support of SF's Opposition. Docket No. 60.

[4] Because the Court does not find that SF should have known of the cause of action early enough to implicate the statute of limitations, it need not consider the Parties' arguments as to whether CCA's errors constitute a continuing wrong, or Plaintiff's contention that Mahannah was concealing his errors. Opp'n at 15, 19-20.

1   that ERISA fiduciaries may be liable to beneficiaries where they
2   fail to read relevant documents, or even where the fiduciaries
3   have relied upon experts.  Id.; see, e.g., Howard v. Shay, 100
4   F.3d 1484 (9th Cir. 1996); Springate v. Weighmaster Murphy, Inc.
5   Money Purchase Pension Plan, 217 F. Supp. 2d 1007 (C.D. Cal.
6   2002).  These cases do not persuade the Court that, on this
7   record, SF's fiduciary duties require that SF's employees
8   themselves understand the particulars of the formula in question,
9   or recognize CCA's errors.  The obviousness of the error is in
10  dispute, and SF had hired CCA as an expert to help calculate
11  contributions and allocations in accordance with the Plan.  See
12  Feasby Decl. ¶ 6; Wallin Decl. ¶ 3; Jacobs Decl. Ex. 1 (Mahannah
13  Dep. Excerpts) at 25:25-26:19.[5]

14      JP Morgan further contends that SF cannot prove an essential
15  element of its claims for negligent misrepresentation and
16  professional negligence.  Mot. at 15.  This argument is based on
17  the same premise as JP Morgan's statute of limitations argument,
18  i.e., because its fiduciary duties required it to know the
19  appropriate formula, SF cannot establish that it justifiably
20  relied on CCA's representations, or that its damages were the
21  result of CCA's negligence.  Id.  The Court rejects these
22  arguments for the same reason that it rejected the statute of
23  limitations argument.  The Court is unwilling to conclude on the

---

[5] Feasby and Susan Wallin, Controller for SF, both filed declarations in support of SF's Opposition.  Docket Nos. 60, 61, 62.  JP Morgan has objected to the submission of all of the declarations, on the grounds that they are irrelevant.  Docket No. 67.  The Court finds that they are relevant to its determination of the Motion, and JP Morgan's objection is therefore OVERRULED.

7

current record that these errors were so obvious to a reasonable fiduciary that SF's reliance was unjustified as a matter of law, or that SF was not entitled to rely on CCA's advice.  JP Morgan also suggests that SF may not ultimately be able to show these required elements because SF's own employees gave the incorrect formulae to CCA.  Mot. at 3, 22.  This is a disputed issue of material fact to be resolved at trial.  See Feasby Decl. ¶ 10; Wallin Decl. ¶ 17.

Finally, JP Morgan states, without elaborating, that because SF "provided CCA with initial profit-sharing contribution figures utilizing a three-tiered formula," it should be estopped from asserting claims based on this error.  Mot. at 3.  One element of such estoppel would be CCA's reliance upon statements made by SF.  See Kieffer v. Spencer, 153 Cal. App. 3d 954, 963 (Ct. App. 1984).  The question of whether CCA relied on the data that SF provided, or whether such reliance would be reasonable, remains in dispute.  See Opp'n at 10-11.

## V. CONCLUSION

For the reasons stated above, the Court DENIES JP Morgan's Motion.

IT IS SO ORDERED.

Dated:   May 6, 2009

_____
UNITED STATES DISTRICT JUDGE

8