United States District Court

For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SHARTSIS FRIESE LLP, | ) | Case No. 08-1064 SC |
| | ) | |
| Plaintiff, | ) | ORDER DENYING |
| | ) | DEFENDANTS' MOTION |
| v. | ) | FOR JUDGMENT AS A |
| | ) | MATTER OF LAW |
| JP MORGAN CHASE & CO., JP MORGAN | ) | |
| RETIREMENT SERVICES, LLC dba JP | ) | |
| MORGAN COMPENSATION AND BENEFIT | ) | |
| STRATEGIES as Successor in Interest) | | |
| of CCA STRATEGIES LLC and CHICAGO | ) | |
| CONSULTING ACTUARIES, LLC and DOES | ) | |
| 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

I. **INTRODUCTION**

       This is a suit for breach of contract, professional

negligence, and negligent misrepresentation, arising out of

services provided by Chicago Consulting Actuaries, LLC ("CCA") to

Shartsis Friese LLP ("SF").  The Defendants are CCA's successors

in interest, J.P. Morgan Chase & Co. and J.P. Morgan Compensation

and Benefit Strategies (collectively "JP Morgan").  The parties

tried this matter before a jury beginning on June 8, 2009, and

ending on June 16, 2009.  The jury returned a verdict for SF, and

awarded damages of $1,330,578.00.  After SF rested, JP Morgan

submitted a Motion for Judgment as a Matter of Law ("Motion"), and

renewed its Motion upon completion of the trial.  Docket No. 145.

Having considered the Motion, the Court concludes that it must be DENIED.

## II.  **LEGAL STANDARD**

Judgment as a matter of law is governed by Rule 50 of the Federal Rules of Civil Procedure, and allows a court to resolve an issue against a party if the party has been heard at trial and the court "finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party . . . ."  Fed. R. Civ. P. 50(a).  "Judgment as a matter of law is appropriate when the evidence presented at trial permits only one reasonable conclusion."  Santos v. Gates, 287 F.3d 846 , 851 (9th Cir. 2002). "A jury's verdict must be upheld if it is supported by substantial evidence. . . . Substantial evidence is evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion from the same evidence."  Johnson v. Paradise Valley Unified Sch. Dist., 251 F.3d 1222, 1227 (9th Cir. 2001) (internal citation omitted).

## III. **DISCUSSION**

The parties are familiar with the facts in this case.  A full discussion of the facts underlying this dispute can be found in the Court's August 1, 2008, Order regarding dismissal and the Court's May 6, 2009, Order regarding summary judgment ("SJM Order").  Docket Nos. 34, 72.

JP Morgan offers two arguments in support of its Motion. First, JP Morgan argues that SF is barred from pursuing any of its

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

claims by the applicable statutes of limitations.  Mot. at 4-11.
Second, JP Morgan argues that SF failed to prove its damages with
sufficient certainty.  Mot. at 11-12.

    A.   <u>Statutes of Limitations</u>

    JP Morgan first asserts that because a SF employee signed the
Adoption Agreement that bound SF to its Profit Sharing Plan (the
"Plan"), SF is charged with constructive knowledge of all of the
contents of the Plan, and with knowledge of the fact that the Plan
called for a single-tiered allocation formula.  JP Morgan contends
that when CCA erroneously applied a three-tiered formula, starting
in 2001, SF "should have known" of the error, thereby triggering
the statutes of limitations.[1]  Mot. at 5-6.

    JP Morgan's argument is based upon a misapplication of
contract-law principles.  JP Morgan cites several cases that stand
for the principle that a party to a contract is bound by that
contract, regardless of whether he had actual knowledge of its
contents.  <u>See</u> Mot. at 5.  It is true that, in a suit to enforce a
contract's terms against a party to the contract, that party may
generally be charged with knowledge of those terms.  <u>See</u>, <u>e.g.</u>,
<u>Madden v. Kaiser Found. Hosps.</u>, 17 Cal. 3d 699, 710 (1979) ("[O]ne
who assents to a contract is bound by its provisions and cannot
complain of unfamiliarity with the language of the instrument.").
However, this general rule does not mean that all parties to all

---

[1] SF's oral contract, professional negligence, and declaratory
judgment claims are limited by a two-year statute of limitations.
<u>See</u> Cal. Civ. Proc. Code § 339.  SF's negligent misrepresentation
claim is limited by a three-year statute of limitations.  <u>Id.</u>
§ 338(d).

United States District Court
For the Northern District of California

contracts are charged with knowledge of the terms of those contracts for all purposes.  See, e.g., Western Title Guar. Co. v. Sacramento & San Joaquin Drainage Dist., 235 Cal. App. 2d 815, 824 (Ct. App. 1965) (declining to impute knowledge to trigger statute of limitations in suit for reformation).  JP Morgan cites no authority that suggests that a party to a contract must be charged with constructive knowledge of the terms of that contract for statute of limitations purposes, or in suits against non-parties who are sued in relation to separate service contracts.

Clearly, if SF had been sued by a Plan beneficiary, it could not plead ignorance of the Plan's contents.  But this is not such a suit.  CCA was not a party to the Plan.  JP Morgan is not seeking, nor could it seek, to enforce the terms of the Plan against SF.  CCA was hired to assist SF in its administration of the Plan, and SF is not foreclosed from seeking action against CCA or JP Morgan for failing to properly do so.  The Court will not hold that, as a matter of law, SF had constructive knowledge of the very Plan that CCA was allegedly hired to help SF apply and interpret.  This would be particularly inappropriate where SF has offered substantial evidence regarding the complexity of the Plan, to the effect that lay persons and SF's employees could not have been reasonably expected to understand or interpret the Plan provisions without expert assistance.  See, e.g., TJTP[2] at 802:22-804:17 (test. of Ilene Ferenczy).[3]  Similarly, JP Morgan cannot

---

[2] This Order will use "TJTP" to refer to the Transcript of Jury Trial Proceedings.  Docket Nos. 131, 133, 135, 137, 139, 143.

[3] Ilene Ferenczy was an expert witness for SF.

4

United States District Court

For the Northern District of California

prevail by asserting that mere access to the Plan documents should suffice to legally establish constructive knowledge. <u>See</u> Mot. at 6. The question of when SF "should have known" of the error is a question that was properly submitted to the jury.

JP Morgan has also resurrected the argument raised in its Motion for Summary Judgment, Docket No. 47, that because SF was the Plan Administrator, with certain duties and responsibilities to Plan beneficiaries under ERISA, it "should have known" of the errors when they occurred. Mot. at 6-10. The Court has already concluded that, even assuming that SF's ERISA duties are relevant to this suit, it is not clear that a person in SF's position would have reasonably understood the Plan provisions so well that he "should have known" of the mistake as soon as it occurred. SJM Order at 7. SF presented substantial evidence that Plan Administrators are generally not expected to personally understand their plans to this level of detail. TJTP at 802:22-804:17 (test. of Ilene Ferenczy).

In addition, the Court finds that a Plan Administrator's ERISA duties and standards of care, which are in place to protect Plan beneficiaries, are not applicable against the Plan Administrator in a suit by the Administrator against a third party that has been hired to assist with aspects of Plan administration. Such standards are necessary and appropriate in suits brought by beneficiaries, but these standards would cripple any Plan Administrator who sought to enforce standard contract and tort law against experts whom the Administrator has enlisted to assist with Plan administration. Those hired to assist with Plan

administration are not "off the hook" simply because the entity that hired them has a high standard of care to the Plan beneficiaries.   Applying those standards in this context (i.e., concluding that an ERISA fiduciary "should know" of any error as soon as it occurs, as a matter of law) would not further the goals of ERISA law, and would be inconsistent with the application of contract and tort principles.

Finally, JP Morgan argues that Barry Sacks ("Sacks"), outside ERISA counsel for SF, "should have known" of the errors because of work that he performed related to the Plan.  Mot. at 7-8.  JP Morgan contends that Sacks's knowledge (or rather, the knowledge he should have had) should be imputed upon SF.  Id.  There is no evidence that Sacks actually knew of the error.  Even assuming that JP Morgan has established by significant evidence that Sacks "should have known" of the error, the Court declines to extend Sacks's "should have known" status to SF as a matter of law in order to protect JP Morgan, especially given that CCA and Sacks stood in exactly the same position relative to SF: Both were outside experts hired to assist SF in administering particular aspects of its Plan.  It would make little sense to conclude that one hired expert is protected simply because there was another hired expert who failed to notice the first expert's error.

B.   Proof of Damages

JP Morgan contends that SF's damages are too speculative for recovery.  Mot. at 11-12.  SF provided evidence that it paid over $ 1.2 million in corrective contributions.  See, e.g., TJTP at

United States District Court
For the Northern District of California

6

160:20-24 (test. of Paul Feasby).[4]  This has already been paid, and is a certain, non-speculative sum.  JP Morgan is apparently attempting to argue that this contribution was based on incorrect calculations.  However, SF has the burden of establishing the amount of its damages, and the jury was so instructed.  Docket No. 146 ("Jury Instructions") at 39-43.  SF presented substantial evidence as to how much was paid, as well as how the amount was calculated.  See, e.g., TJTP at 706:9-709:20 (test. of Andrew Ferguson).[5]  Whether SF established its damages was a question that was properly submitted to the jury.

**IV.   CONCLUSION**

For the reasons discussed above, the Court DENIES JP Morgan's Motion.

IT IS SO ORDERED.

Dated:  June 19, 2009

UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

───────────────

[4] Paul Feasby is the chief operating officer for SF.

[5] Andrew Ferguson was an actuary hired by SF.

7